Carmen Viñas Viuda de Ramírez, demandante y apelante, *v.* Sergio Cuevas, en su carácter de Comisionado del Interior de Puerto Rico, demandado y apelado.

Núm. 8450.—*Sometido:* Noviembre 24, 1942. *Resuelto:* Enero 22, 1943.

*Celestino Iriarte, F. Fernández Cuyar, H. González Blanes* y *Carlos V. Dávila,* abogados de la apelante; *M. Rodríguez Ramos, Procurador General Interino* y *A. E. Franco Cabrero, Procurador Auxiliar,* abogado del apelado.

El Juez Presidente Señor del Toro emitió la opinión del tribunal.

El 29 de julio de 1941 Carmen Viñas presentó en la Corte de Distrito de San Juan una petición para que se librara un auto de *mandamus* dirigido contra Sergio Cuevas en su ca-

rácter de Comisionado del Interior, ordenándole la inmediata expedición a favor de la demandante de una licencia de automóvil para actuar como porteador público durante el año 1941–42 mediante el pago de treinta dólares.

El demandado excepcionó y contestó la demanda oponiéndose a la solicitud y la corte el 4 de septiembre de 1941 dictó sentencia declarándola sin lugar con imposición de las costas a la peticionaria.

Ésta apeló y señala en su alegato como único error el cometido a su juicio por la corte sentenciadora al resolver que de acuerdo con la Ley núm. 75 de abril 13, 1916 (pág. 145), enmendada por la núm. 33 de abril 14, 1941 (pág. 549), los vehículos de servicio público con capacidad para más de siete pasajeros explotados por una empresa pagaban cincuenta y cinco dólares anuales por derecho a licencia, cuando la referida ley exige solamente treinta.

No obstante haberse radicado la transcripción desde noviembre 15, 1941, no fué hasta junio 3, 1942, que la parte apelante presentó su alegato. Como no se llamara la atención de la corte, hechos ya los señalamientos ordinarios para antes de las vacaciones, la vista del recurso se fijó para noviembre 24 último, día en que fué en efecto celebrada.

Así las cosas, al estudiar el caso para decidirlo en su fondo, nos encontramos con que de ser resuelto en favor del apelante, la sentencia no podría ejecutarse porque el año económico durante el cual estaba llamada a tener efecto la licencia de que se trata había expirado desde junio 30, 1942. La cuestión a resolver dejó en tal virtud de tener existencia práctica. Es académica, y los tribunales no se han constituído para resolver esa clase de cuestiones. De acuerdo con la jurisprudencia aplicable a tales casos, procede la desestimación del recurso.

"Está bien establecida," se dice en 3 Am. Jur., *Appeal and Error*, §733, "la regla de que no se concederán recursos de revisión para decidir cuestiones abstractas, si que sólo

para corregir errores que perjudiquen los derechos de alguna parte litigante. De conformidad, se desestimará una apelación si la cuestión planteada es ficticia o académica o, sin ninguna culpa de la parte apelada, ocurre un incidente que hace su decisión innecesaria o imposibilita conceder a la corte de apelación remedio efectivo.''

Esa es la regla general. Existen excepciones, tales como el interés público continuo y la imposición de costas. La primera quedó expuesta y aplicada por la Corte Suprema de los Estados Unidos como sigue:

"Se observará que la orden de la Comisión exigía que los apelantes cesaran y desistieran de concederle a Young la alegada preferencia indebida por un período de no menos de dos años desde el 1 de septiembre de 1908 (que luego se prorrogó a noviembre 15). De ahí que se alegue que habiendo prescrito la orden de la Comisión y siendo por tanto el caso académico, debe desestimarse la apelación.

"Repetidas veces ha dicho esta corte que sólo resolverá controversias reales, y si, pendiente la apelación, ocurre algo sin la culpa del apelado que hace imposible, si nuestra decisión fuera en favor del apelante, concederle un remedio efectivo, se desestimará la apelación. *Jones* v. *Montague*, 194 U. S. 147, y *Richardson* v. *McChesney*, resuelto el 28 de noviembre en este término, 218 U. S. 487. Pero en esos casos los actos que se trataba de impedir ya habían sido completamente ejecutados, y ningún efecto hubieran tenido las sentencias de la corte si hubiera continuado la tramitación de los casos. Éste cae dentro de la regla mencionada en *United States* v. *Trans-Missouri Freight Ass'n.*, 166 U. S. 290, 308, y *Boise City Irr. & Land Co.* v. *Clark* (C. C. A., 9no. Cir.), 131 Fed. Rep. 415.

"En el presente caso la orden de la Comisión puede hasta cierto punto (sin que sea necesario precisar hasta qué punto) ser la base de futuros procedimientos. Pero hay una razón más amplia. Las cuestiones envueltas en las órdenes de la Comisión de Comercio Interestatal son corrientemente continuas (como manifiestamente son las de este caso) y su consideración no debe impedirse, como de otro modo lo sería, por órdenes de corta extensión, que pueden repetirse y que sin embargo no pueden revisarse, habiendo la Comisión determinado los derechos del Gobierno en unos casos y de los porteadores en otros, sin oportunidad de conceder un remedio.'' *So. Pac. Terminal Co.* v. *Int. Commerce Comm.*, 219 U. S. 498, 514.

Que aquí se trata de una cuestión de interés público, puede admitirse, ya que la ley envuelta es una que exige en general el pago de una cantidad o cantidades a los dueños de vehículos de motor para poder actuar como porteadores públicos. Empero, como la Legislatura al año siguiente, 1942, derogó dicha ley dictando otra nueva, la núm. 55 para Reglamentar el Uso de Vehículos de Motor en Puerto Rico, etc., Leyes de 1942, págs. 527 a 567, que despeja la situación por completo, la circunstancia de interés público desaparece.

█ Y en cuanto a la de las costas, que podría en un caso apropiado llevar al Tribunal a considerar los méritos para decidir si dichas costas fueron o no bien impuestas (*Morrison* v. *Hess*, 231 S. W. 997, 18 A. L. R. 433), bastará decir que las circunstancias que aquí concurren colocan el caso fuera de la excepción ya que si el recurso no fué decidido en tiempo se debió a la conducta de la misma parte apelante que desde el 24 de noviembre de 1941 comenzó a pedir prórrogas para la presentación de su alegato, dejando fenecer su término el 24 de enero de 1942, solicitando el 30 de dicho mes un nuevo término que le fué concedido y dentro del cual tampoco presentó su alegato, archivando nuevas peticiones de prórroga que llevaron el recurso a ser visto cuando ya se había convertido en académico.

*Procede, pues, su desestimación.*