BALBINO NAVARRO, demandante y apelante, *v.* HERMINIO CALDERÓN, demandado y apelado.

Núm. 8396.—*Sometido:* Enero 14, 1943. *Resuelto:* Febrero 2, 1943.

*R. R. Rivera Correa,* abogado del apelante; *Herminio Calderón,* por su propio derecho, no compareció.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El demandante en este caso, en unión de sus hermanos, heredó de su abuela Lorenza López cierta finca rústica radicada en Loíza. Siendo varios los herederos y la finca de poco valor, con el propósito de evitar gastos de titulación convinieron todos los herederos en que se tramitase un expediente de dominio a favor del demandante y que éste a su vez traspasase la finca a favor de una persona de la confianza de todos, quien tomaría dinero a préstamo con la garantía de la misma y de esa forma pagaría el haber de los demás herederos, debiendo transmitir entonces la propiedad al demandante. Llevando a cabo lo convenido, el demandante empleó al abogado José Soto Rivera para que tramitase el expediente de dominio, conviniendo en que el abogado recibiría en pago de sus servicios, después de tramitado el expediente, una parcela de dicha finca con un área de 9.75 cuerdas. Justificado el dominio, el demandante simuló una venta de la finca a favor de Herminio Calderón, persona de la confianza de los herederos, quien de acuerdo con el demandante y José Soto Rivera transmitió a Gervasia Bracero las 9.75 cuerdas que debería recibir Soto Rivera, simulando un contrato de venta con dicha señorita. Posteriormente Herminio Calderón hipotecó la finca y readquirió de la Bracero las 9.75 cuerdas, agrupándolas a la finca principal. De la prueba no resulta si los herederos de Lorenza López recibieron de Calderón el importe de sus participaciones, pero sí que el demandante contrató los servicios del abogado A. Lamour para que requiriese a Herminio Calderón para que le retransmitiese la finca, y convino con Lamour en darle la mitad de ella en pago de sus servicios. Requerido Calderón por Lamour,

inmediatamente accedió a traspasar la finca al demandante y siguiendo instrucciones de éste se otorgó la escritura de 5 de octubre de 1931 ante el notario Diego O. Marrero a virtud de la cual el demandado simuló vender la referida finca al demandante y a Alejandro Lamour, por partes iguales, por el supuesto precio de $5,000 que el demandado confesó haber recibido de los compradores con anterioridad al otorgamiento de la escritura, reservándose los compradores la cantidad de $800 para atender al pago de la hipoteca de que se ha hecho mención.

A pesar de hallarse siempre el demandante en posesión de la citada finca, unos nueve años después de haberle retransmitido el título Herminio Calderón, presentó aquél contra éste la presente acción con el propósito de que se declare nula la escritura de compraventa que él otorgó a favor de Calderón sin causa o consideración alguna y se ordene la cancelación en el Registro de dicha escritura y de todos los títulos derivados del de Calderón, debiendo cancelarse también los asientos que dichas escrituras produjeron en el Registro de la Propiedad.

■■ Considerada la forma ilegal en que el demandante adquirió su título sobre la finca, teniendo necesariamente que engañar a la corte que aprobó la información de dominio a su favor, presentando prueba falsa ante ella al efecto de que él venía poseyendo a título de dueño, quieta, pública y pacíficamente, y sin interrupción alguna, la finca en cuestión por el término exigido por la ley, opinamos que no tiene derecho en tales condiciones a invocar el auxilio de las cortes de justicia, ya que si se declarase con lugar la demanda, ello implicaría el reconocimiento de su título simulado sobre la finca en cuestión. Por ese solo fundamento procedería confirmar la sentencia que desestimó la demanda. Pero prescindiendo, a los efectos del argumento, de la ilegalidad del título del demandante, cabe preguntar: ¿a qué fin práctico conduciría ahora deshacer judicialmente lo que nueve años antes las

partes deshicieron extrajudicialmente? Sin duda no es ése el verdadero propósito perseguido por el demandante. Pero si lo fuere, tendríamos que convenir con la corte inferior en que una acción cuyo único objeto es resolver cuestiones abstractas, es puramente académica y por lo tanto improcedente. Y si como se desprende de todo el caso y sospechó con razón el juez sentenciador, el verdadero propósito del demandante al instituir este pleito no fué otro que lograr de un modo indirecto una declaración de nulidad del título que sobre la mitad de la finca había adquirido Lamour, en ese caso, forzoso sería concluir que erró su camino el demandante. En la hipótesis de que una sentencia académica se dictase a su favor, tal sentencia no podría en manera alguna perjudicar a Lamour, por la sencilla razón de que éste no es parte en el pleito y por consiguiente no ha sido oído en su defensa. Desde cualquier ángulo que se analice el caso, la conclusión a que llegó la corte inferior en su sentencia es enteramente correcta.

*Procede, por tanto, su confirmación.*