Odell KNOSHAUG and Merrill Knoshaug,
Plaintiffs,

v.

Harold Arnold POLLMAN,
Defendant.

Civ. No. 3142.

United States District Court
D. North Dakota, Northwestern Division.
Jan. 11, 1956.

Arthur N. Ohnstad, Ohnstad & Fraase, Tioga, N. D., Joseph Stevens, Minot, N. D., for plaintiffs.

J. Manuel Hoppenstein, Dallas, Tex., Harold Arnold Pollman, Williston, N. D., for defendants, Day, Stokes, Vaaler & Gillig, Grand Forks, N. D., of counsel.

REGISTER, District Judge.

This case is before the Court on a motion to dismiss a counterclaim. The principal action was brought in the District Court of Mountrail County, North Dakota, for the purpose of having a mineral conveyance declared null and void and cancelled of record, and that if defendant is unable to reconvey, for judgment in the sum of $12,000.

On July 1, 1955, the defendant filed his petition for removal of said action to this Court. An Order of such removal was thereafter duly issued and filed.

In connection with defendant's answer, he alleges and sets up a cross-action. Plaintiff interprets this cross-action as being, in effect, a counterclaim for malicious prosecution. In the cross-action defendant alleges that plaintiffs have maliciously and wrongfully and without authorization in law and in violation of the statutes of the State of North Dakota issued an attachment on personal property of the defendant, and that the plaintiffs have slandered and maliciously libeled the defendant by allegations contained in the complaint, and that by virtue of such action the defendant has been denied the use of his property which was attached, and that the plaintiff has acted maliciously and with venom and without probable cause. The defendant (cross-complainant) demands

actual damages in the sum of $75,000 and exemplary damages in the amount of $25,000.

The basis for plaintiffs' motion to dismiss the counterclaim is "that it affirmatively shows from the Counterclaim as filed that the cause of action, if any exists therein alleged, arises out of the principal action in this case, and that no action therefore lies until there has been a successful termination of the principal action in the favor of the Defendant".

Appearing in the defendant's memorandum brief in opposition to this motion are the following statements:

"The Defendant responded by Answer and Counterclaim for damages, for malicious prosecution and wrongful attachment."

"This is a suit for malicious prosecution of a claim and the wrongful attachment in connection thereto."

"In the instant case, the Cross-Action is in the nature of a claim for damages sustained by the Defendant and Plaintiff in Cross-Action, as a result of the wrongful deprivation of his property."

"The prosecution of the claim and of the Writ of Attachment is malicious, wrongful and without authorization in the statutes of the State of North Dakota and is, in fact, in violation of its Statutes. The claim prosecuted by the Plaintiffs has slandered and maliciously libeled the Defendant and Cross-Plaintiff by charging him with fraud and excessive charges for legal services."

As authority sustaining the propriety of the counterclaim, defendant and cross-plaintiff cites the case of McCarty v. Kepreta, 24 N.D. 395, 139 N.W. 992, 48 L.R.A.,N.S., 65. In his brief defendant states that the North Dakota Supreme Court in said action interpreted Sec. 7036, Rev.Codes 1905 "the forerunner of North Dakota statute 28–0714" in accordance with his contention. As a matter of fact, the "forerunner" of said

Sec. 28–0714, NDRC 1943 was Sec. 6860, Rev.Codes 1905; Sec. 7036 of the Rev. Codes 1905 was the "forerunner" of Sec. 28–1505 of the NDRC 1943. In the McCarty case, the Supreme Court in effect construed said sections of the Rev.Codes 1905 and held that a defendant in an action of claim and delivery may counterclaim, and on proof recover, for damages occasioned by the wrongful taking and detention by the plaintiff of the personal property taken by claim and delivery proceedings pending the action, where the defendant on the merits recovers judgment entitling him to such property.

■ Defendant apparently does not distinguish between an action for malicious prosecution and an action for malicious abuse of process. In the former it must appear that the primary action has terminated; this is not true as to the latter. 54 C.J.S., Malicious Prosecution, § 2, pp. 952, 953. That the primary action upon which malicious prosecution is based has terminated in defendant's favor before the commencement of an action for malicious prosecution is necessary for its maintenance, see Schaefer v. Cremer, 19 S.D. 656, 104 N.W. 468, and Redahl v. Stevens, 64 N.D. 154, 250 N.W. 534.

The defendant also cites the case of Tuthill v. Sherman, 32 S.D. 103, 142 N. W. 257, as authority for his contention. In that case the South Dakota Supreme Court interpreted a state statute, but therein it appeared very definitely that the Court distinguished between a cause of action for the abuse of legal process and an action for malicious prosecution, and, as to the latter decided that "Where plaintiff began an action upon a note by attachment and maliciously caused an excessive levy, defendant's right of action for damages cannot be pleaded as a counterclaim * * * for the present claim sounds in tort, and is not in any way connected with plaintiff's cause of action."

■ It is the view of this Court that an attachment defendant cannot plead a cause of action for malicious prosecution of an attachment, as a counterclaim, where the attachment proceedings have not terminated. 5 Am.Jur. 219, Sec. 1020; 85 A.L.R. 653.

■■ A counterclaim predicated upon malicious prosecution of the action in which such counterclaim was filed should be dismissed. Park Bridge Corporation v. Elias, D.C., 3 F.R.D. 94. It is true that Rule 13, Federal Rules of Civil Procedure, 28 U.S.C.A., providing for counterclaims and cross-complaints, was designed for swift and just disposition of legal disputes, but it was not contemplated that *any* set of facts which might eventually constitute a claim on which relief can be granted should be interposed as a counterclaim to an action. Bach v. Quigan, D.C., 5 F.R.D. 34.

■ A distinction must be made between a counterclaim for malicious prosecution of the action and one based upon malicious or wrongful deprivation of property which was attached, where such counterclaim arises out of the transaction which is the subject matter of the original action. That the defendant has a right to counterclaim for damages for use and deprivation of the property attached has been settled in this state by the decision of the North Dakota Supreme Court in the McCarty case, supra.

■ In view of the fact that the counterclaim in effect includes allegations which may be interpreted as the basis of an action for malicious prosecution, it will be the order of this Court that the motion of plaintiff for the dismissal thereof be granted, but it will be the further order of this Court that the defendant may serve and file an amended counterclaim containing averments which may be properly pleaded as a counterclaim within 20 days from the date of the order herein.

It will be so ordered.