PER CURIAM.
In case number 70-1291, Mr. and Mrs. Calcagni (defendants and counter-plaintiffs), Mrs. Hixson (defendant and counter-plaintiff) and Mr. Prickett (intervenor and counter-plaintiff) seek review of a final judgment on their counterclaim against Mr. Mamber (plaintiff and counter-defendant) for wrongful attachment, alleging the damages awarded them are insufficient. In case number 71^-19, the appellants (Calcagni, Hixson, Prickett) seek review of a later order entered in the same cause awarding them $350.00 as attorneys’ fees for services rendered in the dissolution of the attachment, alleging that the fees are inadequate.
We now consolidate both cases for purposes of an opinion. The issues presented on appeal are as follows: (1) whether the total of $350.00 awarded as attorneys’ fees for services rendered in dissolving the attachment were inadequate, and (2) whether an independent action must be brought for wrongful attachment. Both questions are answered in the affirmative. Therefore, we reverse the post-final judgment order awarding attorneys’ fees, and remand for reconsideration and award of adequate attorneys’ fees. We reverse the final judgment with directions to dismiss the counterclaims and intervenor’s claim for wrongful attachment, without prejudice to the rights of appellants herein to file such separate suit or suits for damages arising out of the alleged wrongful suing out of the attachment writ and consequences of such activity.
Mamber sued the Calcagnis in Massachusetts, proceeded to judgment, and then sought to establish the Massachusetts judgment as a Florida judgment. He asked for and was granted a writ of attachment, naming the Calcagnis and Mrs. Hixson defendants; allegedly, the sale of several race horses by the Calcagnis to Mrs. Hix-son was a fraud upon creditors. A deputy sheriff attached five horses on March 3, 1970,' and the horses were transported in a horse van from the race track where the horses had been kept. The horses were returned within approximately fifty hours. Basically, the horses were alleged to have suffered various injuries and one horse also allegedly contracted a disease due to the negligent transportation of the horses and a change in their environment.
On March 19, 1970, the Massachusetts judgment was vacated. On March 24, 1970, the Calcagnis not only moved to dissolve the attachment but filed a counterclaim for wrongful attachment. Also on March 24, Mr. Prickett moved to intervene, and Mrs. Hixson filed her counterclaim for wrongful attachment. The intervenor Mr. Prickett filed a claim against Mamber for wrongful attachment. The court later dissolved the attachment. The cause then came on for final hearing before the court, without a jury, as to whether appellants were entitled to damages.
First of all, we consider the award of counsels’ fees. Appellants have listed the pleadings filed from February 27, 1970, to October 30, 1970, alleging that a total of *469 126.5 hours were spent by their attorneys. Expert testimony was introduced indicating a reasonable charge to he $50.00 per hour. It was alleged that the pleadings and most, if not all, of the hours worked by the attorneys went to dissolution of the attachment, including vacating the Massachusetts judgment to the benefit of the four appellants herein. The appellee’s experts indicated a reasonable fee was in the range of $300.00. The court awarded $350.00. We deem the fee to be inadequate for the services rendered by the attorneys in connection with the dissolution of the attachment. Therefore, we reverse the judgment for fees and remand for reconsideration of the matter and for entry of an adequate award.
The next question concerns the necessity for bringing an independent action for wrongful attachment. While no motion to dismiss directed against the counterclaims and intervenor’s claim appears in the record presented, and while the parties have not argued the point, we find it necessary to reverse the judgment entered in their favor. The leading case is Nash v. Walker, Fla.1955, 78 So.2d 685. We quote from Martin v. Martin, Fla.App.1967, 196 So.2d 26, 30-31:
“In every reported Florida case involving an action for damages for the wrongful procurement of an attachment writ, the complaint was brought as an independent suit at law. [Citations omitted.]”
Compare Jones-Mahoney Corp. v. C. A. Fielland, Inc., Fla.App.1959, 114 So.2d 18, the only case tending toward an opposite result, but which was a suit in equity where a legal counterclaim was permitted. Also, compare § 60.07, Fla.Stat.1969, F.S.A. (Injunctions) with the provisions of Chs. 76 and 77, Fla.Stat.1969, F.S.A. (Attachment and Garnishment, respectively).
Therefore, the judgments appealed from are hereby reversed and the causes are remanded with directions to dismiss the counterclaims without prejudice to the rights of appellants herein, to file such separate suit or suits for damages arising out of the alleged wrongful suing out of the attachment writ and consequences of such activity, and for the reconsideration and award of adequate attorney’s fees.
Reversed and remanded with directions.