FRANCISCO RODÓN, demandante y recurrido, *v.* FERNANDO FERNÁNDEZ FRANCO, demandado y recurrente.

*Número:* R-76-99        *Resuelto:* 29 de noviembre de 1976

*Ramírez & Ramírez,* abogados del recurrente; *Saldaña, López-Baralt & Rey,* abogados del recurrido.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El pintor Francisco Rodón instó demanda contra Fernando Fernández Franco con el propósito de reivindicar un

cuadro al óleo que, según alegó, fue pintado por él, es de su propiedad, y se encuentra en posesión del demandado. Para asegurar la efectividad de la sentencia que anticipa a su favor, obtuvo el embargo del cuadro. Fernández contestó la demanda oportunamente y negó sus alegaciones esenciales. Reconvino al mismo tiempo para reclamar por daños que, según alega, le han sido ocasionados como consecuencia del embargo. A solicitud de Rodón el Tribunal Superior desestimó la reconvención y Fernández ha recurrido para que revisemos. Ambas partes han sometido extensos y bien elaborados alegatos para sostener sus respectivas posiciones. Estamos en condiciones de resolver y por tanto hemos dado por sometido el recurso bajo la autoridad de la Regla 50 de nuestro Reglamento. (¹)

■ Se nos plantea aquí si es permisible reconvenir para reclamar por daños como consecuencia de un alegado embargo ilegal y mantener esta acción, como reclamación contingente, pendiente de que se resuelva la acción original que dio base a que se trabara el embargo. Resolvemos en la afirmativa.

Hemos resuelto que para que pueda prosperar una acción en que se reclame por daños causados como consecuencia de un embargo ilegal debe alegarse y probarse que se embargaron bienes del reclamante, que la acción contra él entablada y en la cual se decretó el embargo terminó por sentencia firme a su favor, y los daños sufridos. *Frigorífico M. H. Ortiz* v. *Quiles,* 101 D.P.R. 676, 688 (1973); *Sosa* v. *Sucn. Morales,* 58 D.P.R. 360 (1941); *Martí* v. *Hernández,* 57 D.P.R. 819 (1940). A primera vista parecería que esta jurisprudencia es contraria a lo que ahora resolvemos, pero no lo es.

El requisito de que haya recaído sentencia firme que tu-

---

(¹) El segundo párrafo de dicha regla dispone:

"Queda reservada la facultad del Tribunal para en casos apropiados prescindir de términos, escritos o procedimientos específicos en orden al más justo y eficiente despacho del caso."

viera el efecto de anular el embargo es de naturaleza sustantiva. Es un elemento indispensable de la causa de acción por embargo ilegal. Desde el punto de vista procesal, sin embargo, nada impide se dé cabida a la acción por vía de reconvención como una reclamación contingente, es decir, cuya procedencia dependa del resultado de otra.

Ni en *Sosa* ni en *Martí* se planteó una cuestión procesal, que es lo que se plantea ante nos. En uno y otro caso se planteó y se resolvió que el punto de partida para el período prescriptivo de la acción por daños que aquí nos ocupa es el momento en que la sentencia por virtud de la cual se anula el embargo adviene final y firme. En *Frigorífico M. H. Ortiz* sí estaba planteada la procedencia de la reclamación por vía de reconvención pero, aunque hicimos referencia a *Martí* y a *Sosa* para señalar como impedimento procesal para el ejercicio de la reconvención la falta del requisito de la sentencia firme, no era necesario así resolver pues al revocarse la sentencia que declaraba sin lugar la demanda, y dictarse otra por la que se fallaba el caso a favor del demandante, quedó la causa de acción invocada en la reconvención, es decir, la reclamación basada en el alegado embargo ilegal, desprovista del elemento sustantivo de la sentencia firme a favor del reclamante reconviniente. (²) Que la expresión en *Frigorífico M. H. Ortiz* a que hemos hecho referencia no pasa de ser un *dictum* queda corroborado cuando dijimos (pág. 688, al final):

"No obstante, independientemente de que procediera o no procediera la reconvención en el caso de autos, lo cierto es que, dada la conclusión a que estamos llegando de que las sentencias

---

(²) En ocasiones se ha empleado equivocadamente el término *reconvencionar*, siendo lo correcto el verbo reconvenir. *Diccionario de la Lengua Española de la Real Academia*, XIX Edición, que define *reconvenir*, en su acepción forense, así: "Ejercitar el demandado, cuando contesta, acción contra el promovente del juicio." Nos dice Manuel Seco en su *Diccionario de Dudas y Dificultades de la Lengua Española*, segunda edición, pág. 292, que reconvenir, verbo irregular, se conjuga como *venir*.

del Tribunal de Distrito y del Tribunal Superior son erróneas y contrarias a la prueba y el derecho [*sic*] aplicables, la referida reconvención debió de declararse sin lugar."

Esa fue exactamente la situación de *Sorrentini y Cía.* v. *Méndez*, 76 D.P.R. 690 (1954), citado en *Frigorífico M. H. Ortiz*. Allí no cuestionamos si por vía de contrademanda o reconvención podía reclamarse indemnización por daños provenientes de un alegado embargo ilegal, y dimos por sentado que la cuestión se resolvía al dictarse fallo favorable al demandante que obtuvo el embargo. Dijimos (pág. 699):

"Al haber sido declarada con lugar la demanda, no hay margen para la acción de daños y perjuicios por embargo ilegal, cuando el embargo es incidente y consecuencia de la propia demanda que ha sido declarada con lugar."

La reconvención en este caso halla acogida en la Regla 14.2 de las Reglas de Procedimiento Civil que dispone:

"Cuando se tratare de una reclamación que dependa para su ejercicio de que otra reclamación sea proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en el mismo pleito. El tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal."

■ Esta Regla proviene de la 18(b) de las federales que, aunque difiere de la nuestra en su redacción, persigue el mismo propósito. (³) El hecho de que nuestra Regla 14.2 sea pro-

---

(³) La Regla 18(b) federal fue traducida al español y adoptada con igual designación—18(b)—como parte de las Reglas de Enjuiciamiento Civil de 1943; que decía:

"Cuando se tratare de una reclamación que hasta la fecha sólo podía establecerse, después que otra reclamación hubiere sido proseguida hasta su terminación, dichas dos reclamaciones podrán acumularse en la misma acción; pero la corte concederá remedio en esa acción sólo de acuerdo con los derechos sustantivos que relativamente tuvieren las partes. Especialmente, un demandante puede exponer una reclamación de dinero y una para anular un traspaso fraudulento que le perjudique, sin que sea necesario obtener previamente sentencia por la reclamación de dinero."

El Comité consultivo designado por este Tribunal, que sometió el proyecto de Reglas adoptado en 1958, al recomendar la redacción que dio a la Regla 14.2, expresó:

ducto de nuestra propia redacción resta importancia, desde el punto de vista de hermenéutica, a la interpretación dada a la regla federal por los tribunales federales. Cabe señalar, además, que la procedencia de una reconvención como la que ahora autorizamos ha sido objeto de decisiones conflictivas tanto en las jurisdicciones estatales norteamericanas como en la esfera federal. (⁴) Ello abunda en favor de nuestra libertad para decidir, pues nos releva de la norma de que nos persuada la interpretación de la jurisdicción originaria de nuestro estatuto.

La razón principal que se da para impedir la reconvención basada en el alegado embargo ilegal es que dicha causa de acción no habrá madurado hasta que se resuelva definitivamente el pleito original a favor del demandado. Es curioso, sin embargo, que la controversia sobre este aspecto se centra no en la Regla 18(b)—que es la 14.2 nuestra—que autoriza las reclamaciones contingentes, y sí en las Reglas 13(a) y 13(b)—11.1 y 11.2 nuestras—que se refieren, respectivamente, a las reconvenciones compulsorias y a las reconven-

---

"1. El texto propuesto corresponde con las Reglas 18(b) vigente y federal. Se omitió por innecesaria e inaplicable la frase 'hasta la fecha sólo podía establecerse' y eliminó el ejemplo contenido en la última oración de la regla por entender que las reglas no deben contener ejemplos. La protección de derechos sustantivos de las partes se garantiza con la disposición adicionada en el sentido de que el tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal."

(⁴) Los siguientes casos se pronuncian en contra de permitir la reconvención: *Calcagni* v. *Mamber*, 262 So.2d 467 (Fla. Dist. Ct. App. 1971), *Martin* v. *Martin*, 196 So.2d 26 (Fla. Dist. Ct. App. 1967), *Yellowstone Livestock Commission* v. *Dupuis*, 325 P.2d 691 (Mont. 1958), *United Farm Agency* v. *Howald*, 263 S.W.2d 889 (Mo. Ct. of App. 1954), *Goodyear Tire* v. *Morfon*, 32 F.Supp. 279 (D. Del. 1940).

A favor de permitir la reconvención, pueden verse: *Interphoto Corp.* v. *Minolta*, 47 F.R.D. 341, (S.D. N.Y. 1969) *White Lighting Co.* v. *Wolfson*, 438 P.2d 345 (Cal. 1968), *Smith* v. *Ins. Co. of North America*, 30 F.R.D. 534 (M.D. Tenn. 1962), *Knoshaug* v. *Pollman*, 18 F.R.D. 386 (D. N.D. 1956), *Williams* v. *Miller Shows*, 17 So.2d 67 (La. Ct. of App. 1944), *Root Grain* v. *Livengood*, 100 P.2d 714 (Kan. 1940).

Para casos adicionales en que se sostienen ambas posiciones, véase 85 A.L.R. 644.

ciones permisibles. Así, 6 Wright & Miller, *Federal Practice and Procedure*, sec. 1411, señala que la falta de madurez de la reclamación hecha por vía de reconvención impide que se considere compulsoria la reconvención y aun en ese caso, al referirse a *Interphoto Corp.* v. *Minolta Corp.*, 47 F.R.D. 341 (S.D. N.Y. 1969), dice: "Sin embargo, una corte ha expresado que no se le negará a una reconvención el tratamiento de reconvención compulsoria meramente porque el derecho a recobrar bajo la misma dependa del resultado de la acción principal." "Esta solución", sigue diciendo Wright & Miller, "parece juiciosa cuando la reconvención se basa en acontecimientos anteriores a la acción y solamente el derecho a recobrar depende del resultado de la acción principal."

En *Union National Bank* v. *Universal Cyclops Steel Corp.*, 103 F.Supp. 719 (W.D. Pa. 1952) la parte demandante procuró obtener un *injunction* contra la parte demandada por violación del derecho de patente y por daños. La demandada pretendió, mediante reconvención, reclamar por daños sufridos como consecuencia de la acción de la demandante. La corte concluyó que no procedía la reconvención porque, aunque la reclamación de la demandada surgió después de haber formulado sus alegaciones respondientes, no sería operante hasta que se hiciera una determinación final de la causa de acción de la demandante y no estaba por tanto madura. Aquí se trataba de una reconvención por alegación suplementaria vía la Regla 13(e), que es la 11.5 nuestra. [5] Comentan al respecto Wright & Miller, tomo citado, sec. 1428 (pág. 148): "Este resultado no es inevitable. Puede argumentarse que la interpretación dada por la corte a la regla es innecesariamente restrictiva toda vez que la reclamación

---

[5] La Regla 11.5 dispone:

"Una reclamación propia para ser alegada por reconvención cuya exigibilidad advenga después de la parte haber notificado su alegación, podrá ser deducida por vía de reconvención mediante alegación suplementaria, con el permiso del tribunal."

promovida surgió cuando se interpuso la acción original y solamente la cuestión de los daños o la existencia de defensas contra la reconvención tendrían que esperar por la adjudicación que se haga de la demanda principal. Si la corte entendiera que el juicio sobre la reconvención debe postergarse hasta que se haga una determinación sobre la reclamación original, podría ejercer su poder bajo la Regla 13(i) [11.9 nuestra] (6) y ordenar juicios por separado." En igual sentido véase 3 Moore, *Federal Practice*, sec. 13.32, y el caso por él citado *Knoshaug* v. *Pollman*, 18 F.R.D. 386 (D. N.D. 1956), en cuanto a permitir la reconvención por embargo ilegal, a diferencia de la reconvención por persecución maliciosa.

En una interesante monografía aparecida en 4 U. San Fran. L. Rev., pág. 38, titulada *Los daños por embargo ilegal deben resolverse en el pleito original (Wrongful attachment damages must be fixed in the original suit)*, de Leon J. Alexander, se va más lejos y se recomienda que sea compulsoria la reconvención por daños por embargo ilegal. Los fundamentos allí expuestos, se resumen al final (pág. 47), así:

"Esta propuesta significaría que toda controversia sobre daños provenientes de un embargo se decidiría de una vez y por todas por el juez que presidió el proceso y está en mejor posición para evaluar y resolver las diferentes reclamaciones. Más importante aún, se eliminaría toda necesidad de un segundo pleito, con la pesada carga que este tipo de acción implica para todas las partes y para la sociedad. Las controversias legítimas serían ventiladas. Nadie propone otra cosa. Es difícil concebir que pueda servirse mejor a la justicia mediante pleitos separados y no mediante un solo pleito en que se diluciden estas disputas relacionadas entre sí. Los tribunales no existen para que puedan

---

(6) La Regla 11.9 dispone:

"Si el tribunal ordenare juicios por separado como se dispone en la Regla 38.2, la sentencia que resuelva una reconvención o una demanda contra coparte, podrá dictarse de acuerdo con lo dispuesto en la Regla 44.2, aun cuando las reclamaciones de la parte contraria hayan sido desestimadas o de otro modo resueltas."

mantenerse las vendetas privadas ni como instrumentos de presión económica."

No estamos en condiciones de ir tan lejos como lo propone Alexander. Las reconvenciones compulsorias están reguladas por la Regla 11.1 de Procedimiento Civil, que dispone:

"Una alegación contendrá por vía de reconvención cualquier reclamación que tenga el que formula ·dicha alegación al tiempo de notificarla contra cualquier parte adversa, si surge de la transacción o evento que motivó la reclamación de la parte adversa y no requiere para su adjudicación la presencia ·de terceros sobre quienes el tribunal no pueda adquirir jurisdicción; excepto que dicha reclamación no tiene que ser así formulada, si al tiempo de comenzarse el pleito la misma era ya objeto de otro pleito pendiente."

No podría decirse que la reclamación del demandado, basada en el embargo trabado por el demandante, surge de "la transacción o evento que motivó la reclamación" del demandante. No estamos aquí frente a reclamaciones que se originan en la misma causa, como sucede cuando ocurre un accidente motivado por la negligencia combinada de dos personas y en que ambas sufren daños. Cada una tiene una causa de acción contra la otra y ambas se originan en el mismo evento. En el caso del embargo trabado en aseguramiento de sentencia, los daños que el demandado pueda sufrir se originan, no en la misma "transacción o evento" que dio origen a la causa de acción del demandante y sí como consecuencia de su ejercicio por el demandante, y por haber éste obtenido el embargo de bienes del demandado. Dicho de otro modo, es porque se trabó un embargo sobre sus bienes que tiene una causa de acción por daños el demandado. Ese es el origen de su causa de acción, o razón de pedir, que es completamente distinto de la razón de pedir del demandante.

La reconvención por daños como consecuencia del embargo es permisible bajo la Regla 11.2, que dispone: "Una alegación podrá exponer como reconvención contra una parte adversa cualquier reclamación que no surja de la transacción

o evento que motivó la reclamación de dicha parte." Ya hemos visto que el hecho de no haber madurado la causa de acción del demandado reconviniente no impide el ejercicio de la reconvención, como reclamación contingente bajo la Regla 14.2.

■ La acumulación de reclamaciones contingentes es algo usual y corriente en la práctica procesal, y no podría sostenerse que tal cosa es permitida únicamente cuando se trata de acumulación de acciones de una misma parte. Es contingente la reclamación de herencia que se acumula a la de filiación, pues la procedencia de la primera depende del éxito de la segunda. En ese ejemplo se acumulan por un demandante varias causas de acción contra la parte demandada. Pero también es contingente la demanda contra coparte —Regla 11.7—cuando se basa en que "la parte contra la cual se dirige es, o puede ser, responsable al demandante contra coparte de la totalidad o de parte de una reclamación contra él alegada en el pleito." Su procedencia descansa, pues, en que se determine que el demandado y demandante contra coparte le es responsable al demandante original. Es igualmente contingente la demanda contra tercero, autorizada por la Regla 12.1, que permite a un demandado traer a un pleito "a una persona que no sea parte en el pleito y que le sea o pueda serle responsable por toda o parte de la reclamación demandante."

En casos de reposesión de bienes muebles hemos permitido la reconvención basada en el embargo, frente al planteamiento de prematuridad. *O. Parés, Inc.* v. *Galán*, 98 D.P.R. 772, 779–780 (1970). Y ya en *Colón* v. *Corte*, 62 D.P.R. 749 (1944), este Tribunal se anticipó a la moderna filosofía procesal cuando resolvió que dentro de un pleito de *injunction* es permisible litigar, por vía de moción, el aspecto de los daños ocasionados al demandado con motivo de la expedición del *injunction* preliminar. Los razonamientos que para ello se dieron son tan válidos hoy como entonces. Se dijo, págs. 751–

752,—haciendo referencia al Tribunal Supremo federal: "Se ha dicho también por el mismo Tribunal que es mejor práctica resolver la cuestión como un incidente del pleito de injunction, toda vez que el procedimiento es más rápido y menos costoso para las partes y que a ningún fin práctico conduciría obligarlas a recurrir a una acción separada de daños y perjuicios." (Citas omitidas.)

En conclusión, resolvemos que por vía de reconvención permisible bajo la Regla 11.2 de Procedimiento Civil, y como reclamación contingente bajo la Regla 14.2, un demandado puede, dentro de una acción en que se le hayan embargado bienes en aseguramiento de sentencia, reclamar por los daños que tal embargo le haya ocasionado. Aunque su causa de acción no madura ni es exigible hasta que recaiga sentencia que resuelva el pleito original a su favor, nada impide que el tribunal reciba prueba y resuelva todas las reclamaciones—la del demandante y la reconvención—como parte de una misma sentencia. El tribunal siempre tendrá, bajo la Regla 11.9, la facultad discrecional de ordenar juicios por separado, y recibir prueba sobre la reclamación original y dejar pendiente la admisión de prueba y decisión sobre la reconvención hasta tanto se resuelva la reclamación principal. Regla 14.2. Al hacer uso de esta facultad el tribunal tendrá en cuenta la naturaleza y complejidad de las cuestiones que se planteen en las reclamaciones de las partes, y, resolverá conforme al propósito enunciado en la Regla 1 de garantizar "una solución justa, rápida y económica de todo procedimiento."

*Se dictará sentencia por la que se deje sin efecto la desestimación de la reconvención decretada por el Tribunal a quo, y se ordene la continuación de los procedimientos ante dicho tribunal en forma consistente con lo aquí expresado.*

El Juez Presidente Señor Trías Monge no intervino. El Juez Asociado Señor Díaz Cruz disintió con opinión en la

cual concurre el Juez Asociado Señor Rigau. El Juez Aso-
ciado Señor Negrón García se inhibió.

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz en la
cual concurre el Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 29 de noviembre de 1976

El pintor artista Rodón instó acción para reivindicar un
cuadro obra suya que según alega retiene indebidamente el
demandado Fernández en su poder y para asegurar la efec-
tividad de sentencia embargó el óleo. El demandado al con-
testar presentó reconvención reclamando daños y perjuicios
por embargo ilegal, alegación que fue desestimada por el Tri-
bunal Superior siguiendo una constante línea de jurispruden-
cia que no reconoce tal causa de acción hasta que recaiga sen-
tencia final y firme por la que se declare la ilegalidad del
embargo. Contra la resolución desestimatoria ha recurrido el
reconvencionante.

Una acción civil no puede deducirse hasta tanto exista
causa legal para ella. *Malgor & Co.* v. *J. Clivillés & Co.
Sucrs.*, 42 D.P.R. 457 (1931). El cambio en la nomencla-
tura[1] de "causa de acción" del antiguo Código de Enjuicia-
miento Civil al lenguaje de la Regla 6.1 de "reclamación de-
mostrativa de que el peticionario tiene derecho a un remedio"
tuvo por propósito eludir la rigidez conceptual entronizada

_____

[1] El aparente propósito de la Regla 8 (6 PR) es relevar al promo-
vente de los refinamientos de poner punto a las *íes* y tilde a las *tes*, y de
la incertidumbre de distinguir anticipadamente entre hechos evidenciarios
y finales, mientras exige, de modo práctico y sensato, que exponga sufi-
ciente materia factual para delinear los elementos de su causa de acción
o reclamación, prueba de los cuales es esencial para que pueda recobrar.
Por lo tanto, si un promovente no puede alegar definitivamente y de buena
fe la existencia de un elemento esencial de su reclamación, resulta difícil
concebir que esta deficiencia básica no pueda ser expuesta en la oportuni-
dad de menos gasto en tiempo y dinero para las partes y la corte. *Daves*
v. *Hawaiian Dredging Co.*, D.C. (Haw) 114 F.Supp. 643, 664 (1953),
citado en Wright & Miller, *op. cit.*, Tomo 5, Sec. 1216, págs. 123–124.

alrededor de los términos "hechos evidenciarios", "hechos últimos", "conclusiones" y del propio término "causa de acción", pero no eliminó el requisito substancial de que el demandante alegue una situación que de su faz revela un derecho *prima facie* de cualquier naturaleza que de probarse le hará acreedor a sentencia contra el demandado. Wright & Miller, *Federal Practice & Procedure*, Tomo 5, Sec. 1216, págs. 115–116. No se ha afectado, por tanto la validez y contemporaneidad de la norma jurisprudencial al efecto de que los tribunales no aplicarán el Derecho a cuestiones académicas ni harán cumplir deberes intangibles. Siguiendo esta norma, que es substantiva y no procesal, y que por tanto no varía con el advenimiento de las Reglas de Procedimiento Civil, hemos dicho que los tribunales no se han constituido para resolver cuestiones académicas. *Viñas* v. *Cuevas, Comisionado*, 61 D.P.R. 295, 296 (1943); "que una acción cuyo único objeto es resolver cuestiones abstractas, es puramente académica, y por lo tanto, improcedente." *Navarro* v. *Calderón*, 61 D.P.R. 339, 342 (1943); *Echeandía* v. *Saldaña*, 61 D.P.R. 799, 804 (1943); *Cortés Hnos. y Co.* v. *Menéndez*, 39 D.P.R. 852, 853 (1929), *in fine;* que "una causa de acción debe hacer referencia a una verdadera controversia. Las cortes no están constituidas con el fin de resolver cuestiones de derecho especulativas y abstractas, o para establecer reglas que sirvan de norma futura a las personas en sus negocios y relaciones sociales; sino que están limitadas en su acción judicial a las verdaderas controversias en que necesariamente están envueltos los derechos legales de las partes y que pueden ser resueltos concluyentemente." *Bianchi* v. *Pierazzi et al*, 25 D.P.R. 631, 636 (1917).

El principio de existencia de controversia justiciable, distinguida de la académica o abstracta, de la que puede conocer un tribunal en su función pública de administrar justicia, se exponía en el antiguo Código de Enjuiciamiento Civil al exigir que toda demanda adujera *causa de acción* o ser sus-

ceptible de excepción previa privilegiada. (Art. 37, hoy 32 L.P.R.A. sec. 251.) Abolidas las excepciones previas por la Regla 5.3 de Procedimiento Civil, quedó a salvo el principio de que los tribunales intervienen sólo en controversias reales, al proveer como defensa que podrá formularse mediante moción, la fundada en que la demanda deja de exponer una reclamación que justifique la concesión de un remedio, (Regla 10.2(5)) preservándose la naturaleza privilegiada de esta defensa, en plano solo superado por la de falta de jurisdicción sobre la materia. Regla 10.8. Ya antes la Regla 6.1 ha dicho que para cumplir el requisito de exponer una solicitud de remedio, la alegación, sea demanda, reconvención, demanda contra coparte o contra tercero, contendrá (a) una relación de la reclamación demostrativa de que el peticionario tiene derecho a un remedio; y (b) una solicitud del remedio a que crea tener derecho. Ha de existir una controversia que pueda dar lugar a un pleito, advierte la Regla 5.2. En su diseño general para regular el modo de dispensar justicia, adjudicando conflictos vivos y concretos, las Reglas de Procedimiento Civil hacen de la existencia real de tal conflicto un fundamento de ejercicio del poder judicial comparable con el de la propia jurisdicción sobre la materia. Al foro judicial se llega si hay jurisdicción y si se tiene una causa de acción.

Toda reclamación contingente bajo la Regla 14.2 (18(a) Federal) debe satisfacer los requisitos para las alegaciones de la Regla 6([2]) (8 Fed.). Así cuando un acreedor acumula una reclamación de dinero con otra para anular un traspaso fraudulento, deberá exponer cada reclamación con la misma suficiencia exigida para cuando se promueven por separado.

---

([2]) Regla 6.1 de Procedimiento Civil

"Una alegación que exponga una solicitud de remedio, ya sea una demanda, reconvención, demanda contra coparte, o demanda contra tercero, contendrá (1) una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio; y (2) una solicitud del remedio a que crea tener derecho. Se podrán solicitar remedios alternativos o de diversa naturaleza."

Wright & Miller, *Federal Practice and Procedure*, Tomo 6, Sec. 1591, pág. 823. La Regla 6.1 exige de quien alega, suficiente información relativa al fundamento de su reclamación de remedio, que es algo más que una escueta afirmación de que pide remedio y tiene derecho al mismo. [3] Tampoco basta alegar hechos que meramente forjan la sospecha de que el reclamante puede tener un derecho de acción. [4]

El aspecto substantivo de exigibilidad está recogido en el Art. 1066 del Código Civil (31 L.P.R.A. sec. 3041) al disponer que será exigible desde luego toda obligación cuyo cumplimiento no dependa de un suceso futuro o incierto y aplicando el mismo resolvimos en *Malgor & Co.* v. *J. Clivillés & Co., Sucrs.*, 42 D.P.R. 457, 459 (1931), que no habiendo nacido en el demandante el derecho a cobrar, "no está [la demandada] obligada a defenderse de una reclamación que no existe ahora y quizás nunca llegue a existir . . . [que la demandada] no puede ser molestada con reclamación incierta o indebida ahora." Las propias Reglas de Procedimiento salvaron la vigencia de este principio básico cuando al derogar el antiguo Código de Enjuiciamiento Civil la Regla 72 hizo excepción, entre otros, de su Art. 37 (hoy 32 L.P.R.A. sec. 251) que en lo pertinente dice: "Las acciones civiles podrán deducirse solamente dentro de los períodos prescritos en esta parte, *luego de existir su causa legal* . . . ." (Bastardillas nuestras.) *Malgor & Co.* cita este artículo como fundamento para su razón de decidir que las obligaciones que dependen para su exigibilidad de un suceso futuro, no podrán reclamarse mientras no ocurra el suceso o acontecimiento. En desarrollo paralelo, nuestro Derecho ha calificado de prematura o inoperante la causa de acción que se ejercita antes de ocurrir el evento que le insufla vida. Así, interpretando la voz

---

[3] Wright & Miller, *op. cit.*, Tomo 5, Sec. 1215, pág. 113.
[4] Wright & Miller, *op. cit.*, Tomo 5, Sec. 1216, pág. 125.

"causa del litigio" en el Art. 79 (⁵) del Código de Enjuiciamiento Civil, también salvado de derogación por la Regla 72 de Procedimiento, hemos dicho: ". . . la causa de acción surge en el momento en que ella se origina y adquiere existencia, cuando se presenta y se convierte en operante, en la ocasión en que ocurre el acto o el incumplimiento que originalmente y en primer término da lugar a la causa de la querella judicial y crea la necesidad del litigio." *Cooperativa Cafeteros de P.R.* v. *Colón*, 76 D.P.R. 473, 478 (1954). Ineficaz en derecho llamamos la demanda incoada con prematuridad en *Negrón* v. *Comisión Industrial*, 76 D.P.R. 301, 306 (1954). Y consistentes con lo que es axioma jurídico en toda jurisdicción donde predomina el método adversativo de enjuiciar, en lo que concierne a la solicitud de remedio por embargo ilegal, en fecha reciente calificamos como impedimento para reclamar la realidad de que ". . . la causa de acción por embargo era prematura por no haber finalizado el pleito primitivo." *Fresh-O-Baking Co.* v. *Molinos de P.R.*, 103 D.P.R. 509 (1975).

Nuestra extensa jurisprudencia que exige sentencia firme declarativa de la ilegalidad del embargo, antes de que pueda el deudor instar reclamación por daños y perjuicios, encarna la aplicación a esta acción particular del principio general de existencia de causa de acción que hemos expuesto. Nótese que la Regla 14.2 de Procedimiento Civil en que funda su teoría de contingencia la opinión de mayoría, habla de *reclamación*, que al igual que la "causa legal" del Art. 37 del Enjuiciamiento Civil ha de ser madura y operante.

La reconvención del demandado recurrente no demuestra que tenga derecho a un remedio. En la acción de daños y perjuicios por embargo ilegal, ese derecho no surge hasta que por sentencia final y firme se declare tal ilegalidad. *Frigorí-*

---

(⁵) Art. 79, Código de Enjuiciamiento Civil

"Deberán verse en el distrito en que la causa del litigio, o alguna parte de ella, tuvo su origen, sin perjuicio de la facultad de la corte para cambiar el lugar de la vista, los pleitos por los siguientes motivos . . . ." 32 L.P.R.A. sec. 405,

*fico M. H. Ortiz* v. *Quiles,* 101 D.P.R. 676, 688 (1973); *Sosa* v. *Sucesión Morales,* 58 D.P.R. 360 (1941); *Martí* v. *Hernández,* 57 D.P.R. 819 (1940). El concepto de reclamación contingente mencionado en la Regla 14.2 y en que descansa la opinión de mayoría, no abre la puerta a la litigación de cuestiones intangibles y académicas. Contingente es lo que puede suceder o no suceder, pero el concepto no nace en el espacio sino en hechos reales pre-establecidos. En esta acción por daños el hecho real ha de ser la ilegalidad judicialmente declarada del embargo; lo contingente es la causación o inexistencia de los daños. No es este el caso de la acción filiatoria acumulada con la reclamación de herencia en los casos en que ésta es consecuencia inescapable de aquélla.

Permitir una alegación prematura, sin indicio de que la parte promovente tenga derecho a remedio alguno, es tanto como juzgar el expediente, en vez del caso. Disloca el procedimiento civil porque de abrir los tribunales para litigar "expectativas", "probabilidades" y "probable causa de acción" estamos creando una apertura de confines invisibles· en todos los pleitos, en los que preponderarían más la inventiva y la imaginación que las Reglas. [6]

La opinión, al autorizar mediante reconvención la iniciación de un pleito de daños y perjuicios por el deudor a quien le han embargado bienes en aseguramiento de efectividad de sentencia, aún antes de que se haya decretado la nulidad del embargo, plantea las siguientes complicaciones que recargan, en vez de agilizar, el procedimiento civil:

[6] Estadísticas de la Administración de Tribunales revelan que en el Tribunal Superior se radicaron 2,220 casos en cobro de dinero para el ejercicio 1975–76; y en el Tribunal de Distrito 33,426 que engrosaron el cúmulo pendiente. Para dicho período se resolvieron 3107 por el Superior, y 34,601 por Distrito. No se incluyen todos los demás pleitos en los que igualmente podría presentarse una reconvención "sin causa legal" como la propuesta. Recuérdese la inclinación de muchos demandados a alegar "prosecución maliciosa" frente a cualquier tipo de acción civil. Las perspectivas de que el sistema tolere la acrecentada litigación vía reconvención prematura son tenebrosas.

1ª Crea una nueva avenida de resistencia del demandado a lo que usualmente es una causa de acción fundada, pues la gran mayoría de los pleitos en cobro de dinero descansan en claras obligaciones escritas. El deudor demandado, que tiene una garantía total en la fianza cuando la obligación exigida no consta en documento auténtico o ha sido validada por sentencia, no necesita esta protección que bien podría utilizar como arma de hostigamiento y abuso procesal, conocido el uso intenso de cuanto recurso está al alcance de un litigante temerario.

2ª Nos apartamos de la sabia norma procesal y substantiva de que toda demanda debe fundarse en una causa de acción *existente*, y no en una ilusoria o probable. A la pág. 378, resumiendo, la opinión reconoce que la "causa de acción [por embargo ilegal] no madura ni es exigible hasta que recaiga sentencia que resuelva el pleito original." Esto conduce a levantarle un segundo piso a prácticamente *todos* los pleitos en que el acreedor trate de asegurar su derecho, o en los que el demandado oponga la defensa de "prosecución maliciosa", y al fomento de un *nuevo* pleito dentro del original, con total recurso a los amplios medios de descubrimiento de prueba; designación de comisionado especial, etc.

3ª Subsiste, según reconoce la propia opinión, la necesidad de ordenar juicios por separado o dejar pendiente "la admisión de prueba y decisión sobre la reconvención hasta tanto se resuelva la reclamación principal." Este es un regreso al procedimiento correcto de esperar a que el deudor embargado tenga una causa de acción antes de que ocupe el tiempo valioso del tribunal con la expectativa de una causa de acción. La única diferencia es que se exime al reconvencionante del pago de los derechos de arancel que vendría obligado a pagar si formula su reclamación como *demanda*, en vez de reconvención.

4ª No se adelanta la justicia complicando y gravando el curso procesal persiguiendo como único objetivo que un

mismo juez adjudique ambas reclamaciones en los casos en que no opte por *congelar* la reclamación y posponer *sine die* la decisión, o que estime que no debe intervenir. Es mejor justicia la obtenida de un juez que no intervino en la reclamación original que va a considerar la reclamación de embargo ilegal sin criterio preformado. Aunque la demanda sobre ilegalidad del embargo se ventile ante otro juez no prevenido, éste tendrá en evidencia el expediente del caso original, lo que reduce considerablemente el área de contención en el segundo proceso.

Toda vez que falta causa y exigibilidad en la reconvención objeto de este recurso, huelga toda exégesis o ulterior disquisición respecto a su clasificación como permisible, compulsoria o contingente. Su verdadera calificación es de inexistente e inoperante, y su efecto único, de admitirse, el de introducir un trastorno de proporciones en nuestro procedimiento civil.

Confirmaría la resolución del Tribunal Superior que desestimó correctamente dicha reconvención.