ISMAEL E. ORTIZ HERNÁNDEZ, demandante y peticionario, *v.* THE CHASE MANHATTAN BANK, N.A., demandada y recurrida.

*Número:* O-78-325    *Resuelto:* 27 de febrero de 1980

*Luis Rodríguez Bou,* abogado del peticionario; *José V. Gorbea Varona,* abogado de la recurrida.

PER CURIAM:   No hay controversia sobre los siguientes hechos. Ismael E. Ortiz Hernández compró un automóvil a Hull Dobbs Co. mediante contrato de venta condicional, que la vendedora cedió a The Chase Manhattan Bank, N.A. En septiembre de 1976 el Chase inició acción de reposesión del vehículo ante el Tribunal de Distrito, Sala de Comerío y, para asegurar la efectividad de la sentencia que pudiera recaer, embargó el vehículo. Citado el entonces demandado Ortiz Hernández para una vista sobre la reposesión, pudo mostrar al abogado del Chase copia de un giro por $125.00, que cubría el plazo reclamado como debido en la demanda de reposesión. Ante tal prueba, el Chase solicitó suspensión de la vista, que le fue concedida, y luego de cotejar y confirmar que efectivamente el Sr. Ortiz Hernández había pagado sin que el pago le fuera acreditado, presentó moción de desistimiento, disponiéndose por el tribunal el archivo de la demanda.

Varios meses después, el Sr. Ortiz Hernández instó demanda contra el Chase ante el Tribunal Superior, Sala de Aibonito, reclamándole por daños y perjuicios sufridos como consecuencia del embargo ilegal de su automóvil. A moción del Chase, el Tribunal Superior desestimó la demanda por entender que el archivo de la acción de reposesión no constituyó una adjudicación en los méritos; es decir, que el caso no terminó por sentencia final y firme a favor del demandado Ortiz Hernández, demandante en la acción por daños. A la petición de *certiorari* presentada ante nos por el

demandante Ortiz Hernández, expedimos orden sobre mostración de causa por la cual no deba revocarse la sentencia desestimatoria. El Chase compareció oportunamente a oponerse, pero no nos convence.

Hemos resuelto que es elemento substantivo de la acción por daños por embargo ilegal que el pleito dentro del cual se decreta el embargo termine por sentencia firme a favor de la persona cuya propiedad hubiese sido embargada. *Rodón* v. *Fernández Franco*, 105 D.P.R. 368, 370–371 (1976), y casos allí citados. Argumenta el Chase que como el decreto de archivo por desistimiento no se hizo con perjuicio, la acción de reposesión no terminó por sentencia final y firme y por tanto carece de causa de acción el peticionario. No podemos aceptar esta posición. Equivaldría a sostener que no hay causa de acción por daños por embargo ilegal si en vez de vencer en juicio el demandado al embargante éste desiste de su acción antes de que recaiga sentencia en su contra. Aceptarlo implicaría que la base de la causa de acción por daños es la sentencia en contra del embargante y no el embargo ilegal. Si bien la sentencia es determinante de la ilegalidad del embargo, no es ella la única manera de hacer tal determinación, que puede hacerse también del pleito por daños y perjuicios.

*Se expedirá el auto, se revocará la sentencia del Tribunal Superior, Sala de Aibonito, que desestimó la demanda, y se dispondrá que continúen los trámites de este caso ante dicho tribunal hasta su final adjudicación.*