**INTERPHOTO CORPORATION, Plaintiff,**

v.

**MINOLTA CORPORATION, Defendant.**

**No. 69 Civ. 130.**

United States District Court
S. D. New York.

May 29, 1969.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiff, Sanford M. Litvack, John H. Wilkinson, New York City, of counsel.

Whitman, Ransom & Coulson, New York City, for defendant, Forbes D. Shaw, James S. Morris, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiff Interphoto Corporation (Interphoto) moves pursuant to F.R.Civ.P. 12(b) to dismiss the counterclaim contained in defendant Minolta Corporation's (Minolta) amended answer on the grounds that it fails to state a claim upon which relief can be granted, and that the court lacks jurisdiction over the subject matter.

Interphoto's complaint, filed January 13, 1969, charges Minolta with violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and seeks damages and injunctive relief.

The complaint alleges that Interphoto, which distributes cameras, lenses, and other photographic equipment throughout the United States, entered into a distributorship agreement with Minolta, which manufactures and sells Japanese cameras, lenses and other photographic equipment in the United States; that Minolta and others have

since at least July 1967 engaged in an unlawful conspiracy to restrain and monopolize interstate trade and commerce by price-fixing, dividing up markets geographically, and allocating customers by classes; that since Interphoto refused to go along with the conspiracy, Minolta notified Interphoto on December 26, 1968, that it was terminating Interphoto's distributorship effective January 30, 1969.

The complaint seeks treble damages based on Interphoto's loss of sales of Minolta's products and other products resulting from the alleged conspiracy, and preliminary and permanent injunctions restraining Minolta from refusing to deal with Interphoto.

On January 30, 1969, Judge Herlands, finding that

> "* * * Interphoto has established by clear and convincing proof that Minolta illegally conspired and combined to fix resale prices and to allocate markets and customers." Interphoto Corporation v. Minolta Corporation, 295 F.Supp. 711, 721 (S.D.N.Y. 1969)

granted a preliminary injunction restraining Minolta from refusing to sell to Interphoto and from imposing or attempting to impose any unlawful restraint or requirement upon Interphoto.

On February 24, 1969, Minolta filed its amended answer containing the counterclaim which is the object of Interphoto's motion to dismiss.

The counterclaim alleges that on or about December 23, 1968, Minolta informed Interphoto verbally that it would terminate its December 21, 1967 distributorship agreement with Interphoto at the end of January 1969, and on or about December 26, 1968, Minolta gave Interphoto written notice that it was cancelling the agreement, in accordance with its right thereunder, as of January 30, 1969, and that it would repurchase from Interphoto all Minolta inventory held by Interphoto's Raygram-Hornstein division, also in accordance with its

rights under the agreement; that Interphoto knew or had reason to know since December 1967 that Minolta planned to cancel the distributorship agreement on or before January 31, 1969, and become its own direct distributor in most, if not all, of the United States, and Minolta specifically so informed Interphoto of this intention in its oral announcement of December 23, 1968; that Interphoto has not acknowledged the cancellation notice, has failed to submit inventory reports required under the agreement, and

> "has threatened to dispose of all Minolta products in stock at the plaintiff's Raygram-Hornstein Division as it sees fit, regardless of the terms of said agreement." Amended Answer, Par. XVII.

Minolta alleges that its legal remedies are inadequate and seeks an order directing the return of its products held by Interphoto, and "such other and further relief in the premises as to the Court may seem just and equitable."

*Failure to State a Claim*

■ Interphoto contends that Minolta's counterclaim fails to state a claim upon which relief can be granted, because (1) Judge Herlands has already decided that the termination of the distributorship agreement was unlawful, so that Minolta has no right to utilize the repurchase clause; (2) Interphoto has not refused to return the inventory in the event Minolta should prevail at trial, so that the complaint fails to state an anticipatory breach of contract; (3) the existence of Minolta's counterclaim depends upon its successfully defending the main action; and (4) Minolta has failed to show that its remedy at law is inadequate.

As to the first ground, Judge Herlands granted a preliminary injunction, finding that Minolta's termination of the distributorship agreement was an unlawful act in furtherance of the conspiracy which he found to exist, and that

"Minolta's assertion that there is no nexus between its refusal to deal and the alleged conspiracy is regarded * * * as incredible." 295 F.Supp. at 722.

However, as Judge Herlands pointed out —in an application for a preliminary injunction,

"* * * all that plaintiff must prove is that there is a reasonable probability that it will prevail on the merits and that the danger of irreparable damage is immediate. Plaintiff need not show to a certainty that it will prevail.

* * * * * *

"There is always the possibility that, at the trial on the merits, Minolta will be able to prove that its refusal to deal with Interphoto was the result of lawful business reasons and not an unlawful act in furtherance of the alleged conspiracy." 295 F.Supp. at 722.

The counterclaim alleges that Minolta cancelled the contract because it wished to become its own distributor. Therefore, the issuance of the preliminary injunction is not a final determination that Minolta's termination of the agreement was unlawful.

As to the second ground, whether Minolta can show an anticipatory breach depends on the facts that will be brought out at trial. If Minolta should prevail, it will be entitled to the return of the inventory in accordance with the contract.

■ Interphoto's third ground is based on the rule stated by Professor Moore that:

"A claim which arises out of the bringing of the main action cannot be asserted either as a compulsory or a permissive counterclaim, since such a claim is premature prior to the determination of the main action." 3 Moore, Fed.Prac. ¶ 13.13, at 36 (2d ed. 1953).

That rule is not applicable here. If Minolta had the right to terminate the agreement, it had the right to the return of the inventory. It terminated the agreement prior to the institution of this action by Interphoto. While Interphoto contests the legality of the termination, if Minolta prevails at trial, it follows that its right to the return of the inventory accrued prior to the commencement of this action. The cases cited by Interphoto are inapposite—Allstate Insurance Company v. Valdez, 29 F.R.D. 479 (E.D.Mich.1962) involved a counterclaim for attorneys' fees and expenses involved in defending the action. Bach v. Quigan, 5 F.R.D. 34 (E.D.N.Y. 1945) and Park Bridge Corp. v. Elias, 3 F.R.D. 94 (S.D.N.Y.1943) involved counterclaims for malicious prosecution in the bringing of the action. A counterclaim is not barred because recovery will depend on the outcome of the main action, e. g., Aetna Life Insurance Co. v. Little Rock Basket Co., 14 F.R.D. 381 (E.D.Ark.1953) (insurer's declaratory judgment action to declare it not liable on life insurance policy; beneficiary's counterclaim for the amount of the policy).

■ Interphoto's fourth ground that Minolta has not shown that its legal remedy is inadequate is not a ground for dismissing the complaint, F.R.Civ.P. 41(c).

*Subject Matter Jurisdiction*

■ Under the liberal standard of United Artists Corp. v. Masterpiece Productions, 221 F.2d 213 (2d Cir.1955), the counterclaim is compulsory since it is based upon an alleged breach of a contract the termination of which led to the main action. The counterclaim arises out of the "same transaction or occurrence" as the main action, F.R.Civ.P. 13(a).

Interphoto's motion to dismiss the counterclaim is denied.

It is so ordered.