**Robert C. SPRINGS,**
**Plaintiff–Appellant,**

v.

**FIRST NATIONAL BANK OF CUT BANK, Defendant–Appellee.**

No. 87–3643.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 10, 1987 *.

Decided Jan. 7, 1988.

---

* This appeal was submitted without oral argument pursuant to the stipulation of the parties.

Edmund F. Sheehy, Jr., Helena, Mont., for plaintiff-appellant.

Richard A. Shors, Cut Bank, Mont., for defendant-appellee.

Before WRIGHT, ANDERSON and SCHROEDER, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Springs sued First National Bank of Cut Bank ("Bank") which had refinanced the purchase of his home. His theories of liability were based on negligence and bad faith, under the tort law of Montana. The district court granted summary judgment to the Bank on November 14, 1986. Springs later moved for a new trial. Treating this motion as one to amend its previous judgment, the district court denied the motion on January 26, 1987. Springs appeals from the judgment and from the post-judgment order as well.

## I.

### FACTUAL BACKGROUND

#### A. *Previous Action*

On July 1, 1981, Springs entered into a trust indenture with the Bank for the purchase of a home in Cut Bank, Montana. In 1984, the Bank refinanced the home, and a second trust indenture was entered into between Springs and the Bank. Springs stopped making payments on the home and on May 24, 1985, the Bank instituted a foreclosure action. Springs did not appear or answer the complaint. The state district court subsequently awarded a default judgment in favor of the Bank and ordered foreclosure.

The Bank was the only bidder at a sheriff's sale and purchased the property for the full amount of its first lien, including costs. Thereafter, on September 11, 1985, the Bank took a deficiency judgment against Springs.

Some five months later, on February 13, 1986, Springs appeared and moved to set aside the default judgment. The state district court denied the motion. This was appealed to the Montana Supreme Court, which affirmed the decision not to set aside the default on the basis that Springs had not shown a manifest abuse of discretion by the district court. *First National Bank of Cut Bank v. Springs*, 731 P.2d 332 (Mont.1987).

#### B. *Present Action*

On July 2, 1986, Springs instituted the present tort action against the Bank in the United States District Court for the District of Montana. Jurisdiction was founded on diversity pursuant to 28 U.S.C. § 1332. Springs asserted that the Bank was negligent in refinancing his home and allowing an IRS tax lien to take priority over the second trust indenture. Springs also claimed that the Bank had acted in bad faith by purchasing Springs' home at the sheriff's sale for less than fair market value.

The district court found that Springs' claims against the Bank were compulsory counterclaims within the meaning of Fed.R. Civ.P. 13(a), and granted the Bank's motion for summary judgment. *Springs v. First National Bank of Cut Bank*, 647 F.Supp. 1394 (D.Mont.1986). Springs subsequently moved for a new trial, arguing that the bad faith claim had not yet matured at the time that the foreclosure action was proceeding. The district court, treating the motion as one to amend its previous judgment, denied the motion on the basis that the bad faith claim was a compulsory counterclaim and also that it was barred by collateral estoppel. Springs timely appeals.

## II.

### STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo*. *A & A Concrete v. White Mountain Apache Tribe*, 781 F.2d 1411, 1414 (9th Cir.1986), *cert. denied*, — U.S. —, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986). Whether res judicata or collateral estoppel operates to bar claims is a mixed question of law and fact subject to *de novo* review. *Id.* Whether Springs' claims are compulsory counterclaims which should have been pleaded in an earlier state court action is a question of state law. *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). We review district court rulings on questions of state law *de novo*. *Id.* Finally, we review denials of motions under Fed.R.Civ.P. 59 for abuse of discretion. *Thompson v. Housing Authority of the City of Los Angeles*, 782 F.2d 829, 832 (9th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986).

## III.

### DISCUSSION

#### A. *Negligence Claim*

Montana Rule of Civil Procedure 13(a), which defines a compulsory counterclaim, is identical to Fed.R.Civ.P. 13(a): "A pleading shall state as a [compulsory] counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out*

*of the transaction or occurrence* that is the subject matter of the opposing party's claim...." (Emphasis added).

The district court correctly found the "transaction" was the financing of Springs' home. Springs' theory of liability was based on the Bank's allegedly negligent conduct prior to instituting the foreclosure action. Springs' negligence claim, thus, should have been brought as a compulsory counterclaim in the Bank's prior foreclosure action.

Springs contends that in order for a counterclaim to be pled, the claim must be in existence and matured at the time the previous lawsuit was commenced. He argues that his negligence claim did not mature until after the earlier foreclosure action was completed, when his right to relief arose.

This argument is without merit. The transaction involved in this case is the refinancing of Springs' home and his subsequent default on that refinancing agreement. The purported negligent act of the Bank occurred at the time the second trust indenture was executed. Thus, Springs' claim matured prior to the Bank's foreclosure action. *See, e.g., Robinson v. First Security Bank of Big Timber,* 728 P.2d 428, 430 (Mont.1986).

Furthermore, it has been said that "[a] counterclaim is not barred because recovery will depend on the outcome of the main action." *Interphoto Corp. v. Minolta Corp.,* 47 F.R.D. 341, 344 (D.C.N.Y.1969). A leading commentator has cited the *Interphoto* rationale with approval:

> One court has stated that a counterclaim will not be denied treatment as a counterclaim solely because recovery on it depends on the outcome of the main action. *This approach seems sound when the counterclaim is based on pre-action events and only the right to relief depends on the outcome of the main action.*

Wright & Miller, Fed.Prac. and Proc. § 1411, note 3. (Emphasis added).

Accordingly, having failed to raise the negligence claim during the foreclosure proceeding, Springs is barred from asserting it in this action.

## B. *Bad Faith Claim*

In the course of the Bank's foreclosure action in state district court, a deficiency judgment was entered against Springs. Thereafter, Springs moved to set aside that judgment, alleging, *inter alia,* the Bank was not entitled to a deficiency judgment because the fair market value of Springs' home exceeded the amount bid by the Bank at the sheriff's sale. The state court, in an order dated February 2, 1986, upheld its previous decree approving the sheriff's sale and granting the Bank a deficiency judgment.

Based on the foregoing, the district court concluded that Springs was collaterally estopped from maintaining his bad faith claim in connection with the sheriff's sale of his home. While we disagree with the terminology used by the district court, we affirm its decision on the related doctrine of res judicata.

The doctrine of res judicata bars "all grounds for recovery which could have been asserted, *whether they were or not,* in a prior suit between the same parties ... on the same cause of action." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.), *cert. denied,* 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982) (emphasis in original) (quoting *Ross v. IBEW,* 634 F.2d 453, 457 (9th Cir.1980)). *See also First Bank v. District Court,* 737 P.2d 1132, 1134 (Mont.1987) ("The doctrine of res judicata is firmly established to stand for the proposition that a party should not be able to litigate a matter that that party has already had the *opportunity* to litigate ...") (emphasis in original).

Springs was given the opportunity to raise his bad faith claim during the motion to set aside judgment. His failure to take full advantage of that opportunity precludes him from raising that claim now. Moreover, any wrongdoing alleged to have occurred at the sheriff's sale was evidently insufficient to convince the state court to set aside the deficiency judgment, and this

court does not sit to review and second-guess a state court decision.

The judgment of the district court is AFFIRMED.