980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald F. SMITH, Plaintiff-Appellee,
v.
LAMB-WESTON, INC., Defendant-Appellant.
 No. 91-35837.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Nov. 27, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant argues that the district court erred in finding that a claim for quantum meruit damages was included in the pretrial order, and in finding that quantum meruit recovery and recovery for expenses were "wages" under the Washington statute granting attorney's fees to an employee who has recovered "wages" in an action against his employer. We affirm.
 
 
 3
 We review a district court's denial of a motion to amend and a motion for a new trial for abuse of discretion. Springs v. First Nat'l Bank of Cut Bank, 835 F.2d 1293, 1295 (9th Cir.1988). Questions of state law are reviewed de novo. Matter of McLinn, 739 F.2d 1395, 1397 (9th Cir.1984).
 
 
 4
 Lamb-Weston correctly argues that a party may not advance theories at trial that were not included in the pretrial order. United States v. First Nat'l Bank of Circle, 652 F.2d 882, 886 (9th Cir.1981). We have held, however, that "[a] pretrial order ... should be liberally construed to permit any issues at trial that are 'embraced within its language.' " Miller v. Safeco Title Ins., 758 F.2d 364, 368 (9th Cir.1985) (quoting First Nat'l Bank of Circle, 652 F.2d at 886-87). Our review is highly deferential. "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order on issues of law and fact at trial will not be disturbed unless they evidence a clear abuse of discretion." Miller, 758 F.2d at 369.
 
 
 5
 Here the quantum meruit theory was not explicitly included in the order, but neither was it "in variance with the agreed facts" stated in the order. See First Nat'l Bank of Circle, 652 F.2d at 886. The pretrial order said that "the nature and extent of Plaintiff's damages, if any" would be litigated, including whether the employer had agreed to pay "comp pay." The relief sought included "unpaid wages of $12,718.25." Both parties presented evidence regarding the number of overtime hours Smith worked and whether the claimed hours were justified. It could not have been a surprise to the defendant that, in a dispute about how much compensation Smith might be owed, the court might consider Smith's hours under the conceptual rubric of fair value of services rendered as well as services rendered pursuant to agreement. Although Lamb-Weston's trial strategy emphasized liability more than damages, that is a judgment which trial lawyers often make in cases such as this, particularly where the claim is relatively small. We cannot see much practical difference in this case which the pretrial order would have made to the choice of strategy. We can see no clear abuse of discretion in allowing recovery on a slight theoretical variation in this relatively small case.
 
 
 6
 The state statute under which the action was tried requires an attorney's fee award on "wages": "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him, reasonable attorney's fees ... shall be assessed against said employer or former employer." RCW 49.48.030. The district court treated the entire award--mileage, overtime, and telephone expenses--as "wages."
 
 
 7
 The statute does not define the term "wages." The Washington courts have looked to the definition of this term in a related statute, RCW 49.46.010(2), which defines "wages" broadly as "compensation due to an employee by reason of employment." Hayes v. Trulock, 755 P.2d 830, 836 (Wash.App.1988). The Washington courts have emphasized the remedial nature of 49.48.030, holding that the statute should be "liberally construed to effect its purpose." Naches Valley School District v. Cruzen, 775 P.2d 960, 966 (Wash.App.1989).
 
 
 8
 The governing Washington law construes "wages" "to include situations in which an award is made, not only for wages in the ordinary sense of the word, but also for "moneys due 'by reason of employment.' " Hayes v. Trulock, 755 P.2d 830, 836 (Wash.App.1988). The Washington courts have not decided whether quantum meruit damages or expense reimbursements constitute "wages" under the statute. They have, however, treated compensation as "wages" in a number of contexts requiring that the term be construed broadly as compensation, not narrowly as an agreed upon payment per hour of work. See Schoonover v. Carpet World, 588 P.2d 729 (Wash.1978) (commissions); Brown v. Suburban Obstetrics, 670 P.2d 1077 (Wash.App.1983) (percentage of gross receipts); Hanson v. Tacoma, 719 P.2d 104 (Wash.1986) (back and front pay); Naches Valley School District, supra (sick leave cashout); cf. Bradford v. Data Processing Joint Board, 722 P.2d 95 (Wash.1986) (denied as to employer's FICA contribution). These cases suggest that if the employee gets the money on account of having been employed, then the money is "wages" in the sense of "compensation ... by reason of employment." The award to Smith was "moneys due 'by reason of employment,' " so the district court did not err in treating it as "wages" for purposes of the attorney's fee statute.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3