19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William A. KNAUSS, Debtor.
Fred R. KARTCHNER, Beverly Kartchner, husband and wife,
Creditors-Appellees,
v.
William A. KNAUSS, Debtor-Appellant.
 No. 93-16117.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 14, 1994.
As Amended on Denial of Rehearing and Suggestion
for Rehearing En Banc May 27, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Chapter 7 debtor William A. Knauss appeals pro se the district court's affirmance of the bankruptcy court's dismissal of Knauss's adversary proceeding against Fred and Beverly Kartchner ("the Kartchners") on grounds of res judicata and lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We affirm.
 
 
 3
 The existence of subject-matter jurisdiction is a question of law reviewed de novo. Reebok Int'l v. Marnatech Enters., 970 F.2d 552, 554 (9th Cir.1992). We also review de novo a district court's dismissal on res judicata grounds. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 Background
 
 4
 On May 3, 1989, the Cochise County Superior Court entered a judgment for the Kartchners in Kartchner v. Knauss, No. CV88-00430. The judgment quieted title to certain property in Cochise County and determined boundary locations between the Kartchners' and Knauss's property. In addition, the Kartchners were awarded costs and attorney's fees. The Kartchners recorded the judgment on July 14, 1989 and obtained a writ of special execution from the clerk of Cochise County Superior Court. On July 19, 1990, a sheriff's sale was held pursuant to the special writ of execution. The Kartchners purchased the two parcels of property and obtained an amended sheriff's deed on April 1, 1991.
 
 
 5
 Knauss filed his bankruptcy petition on August 13, 1991. On June 6, 1992, Knauss brought an adversary proceeding in bankruptcy court against the Kartchners seeking a declaratory judgment regarding the ownership and boundaries of land in Cochise County, Arizona. The bankruptcy court dismissed the adversary proceeding on August 28, 1992 and the district court affirmed.
 
 Analysis
 
 6
 Issues that were or could have been litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal suit as they enjoy in the courts of the state where the judgment was rendered. Piatt v. MacDougall, 773 F.2d 1032, 1034 (9th Cir.1985) (applying Arizona law of res judicata). The rule in Arizona is well-established that an execution sale may be set aside on a motion in the court which issued the process. Nussbaumer v. Superior Court, 489 P.2d 843, 845 (1971).
 
 
 7
 Here, Knauss's complaint, although vague and largely incomprehensible, appears to challenge the state court judgment and the execution of that judgment.[1] Thus, Knauss's adversary proceeding is barred by res judicata. See Springs v. First Nat'l Bank of Cut Bank, 835 F.2d 1293, 1296 (9th Cir.1988) (claim of bad faith in connection with a sheriff's sale barred by res judicata because there was an opportunity to raise the claim during the motion to set aside the deficiency judgment).
 
 
 8
 Moreover, to the extent that Knauss alleges that the state court judgment and the enforcement of that judgment is invalid, the complaint was properly dismissed for lack of subject matter jurisdiction.[2] See Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989) (district courts lack jurisdiction over direct challenges to final decision of state courts).
 
 
 9
 Accordingly, the district court properly affirmed the bankruptcy court's dismissal of Knauss's adversary proceeding. See id.; Springs, 835 F.2d at 1296.
 
 
 10
 The Kartchners request attorney's fees against Knauss. We have discretion to award costs to the prevailing party where we determine that an appeal is frivolous. Fed.R.App.P. 38; 28 U.S.C. Sec. 1912; Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). In the exercise of our discretion, we decline to award attorneys' fees against Knauss.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Knauss's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Knauss also contends that he is challenging the execution of the state court judgment on the ground that it violated the automatic stay in his prior bankruptcy proceeding, In re Knauss, No. 90-03327, we decline to address the contention on appeal because it was not raised before the district court. See Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir. 1990) (issues raised for the first time on appeal generally will not be considered on appeal)
 
 
 [2]
 Although the district court declined to review Knauss's contention that the bankruptcy court erred in dismissing his adversary proceeding for lack of jurisdiction, we may affirm on any basis supported by the record. See Elliot v. Four Seasons Properties (In re Frontier Properties, Inc.), 979 F.2d 1358, 1364 (9th Cir.1992)