91 F.3d 158
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James L. WORTHINGTON, Plaintiff-Appellant,
v.
Daniel GLICKMAN*, Secretary, U.S. Department
of Agriculture, Defendant-Appellee.
 No. 95-17208.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.**
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, SCHROEDER, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 James L. Worthington appeals pro se the district court's summary judgment in favor of the Secretary of Agriculture in Worthington's action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., challenging the decision of the United States Forest Service, his former employer, to reassign him from the Tahoe National Forest to the Angeles National Forest. Worthington contends his reassignment violated his preferential retention status as a veteran pursuant to 5 U.S.C. § 3502, several other agency policies[1], and his Fifth Amendment right to due process. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a grant of summary judgment. See Saul v. United States, 928 F.2d 829, 832 (9th Cir.1991).
 
 
 4
 "The [Civil Service Reform Act ("CSRA") ] is the exclusive remedy for all prohibited personnel actions." Brock v. United States, 64 F.3d 1421, 1425 (9th Cir.1995) (citing Veit v. Heckler, 746 F.2d 508, 510 (9th Cir.1984)). A "prohibited personnel action" includes a reassignment, 5 U.S.C. § 2302(a)(2)(A)(iv), taken in violation of the CSRA's merit system principles, 5 U.S.C. § 2302(b)(11); see Saul, 928 F.2d at 833.
 
 
 5
 Worthington's claims that his reassignment violated his preferential retention status and other agency policies constitute allegations of prohibited personnel actions under the CSRA. See 5 U.S.C. §§ 2302(a)(2)(A)(iv), 2302(b)(11); Saul, 928 F.2d at 833. Accordingly, the CSRA precludes judicial review of his claims.[2] See Saul, 928 F.2d at 833-34; cf. Brock, 64 F.3d at 1425.
 
 
 6
 We do not consider Worthington's contention that his reassignment violated his right to due process because it is raised for the first time on appeal. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 7
 Furthermore, Worthington's contention that his reassignment was pursuant to a reduction in force ("RIF"), which would entitle him to preferential retention as a veteran, see 5 U.S.C. § 3502(b), is barred by res judicata because he has already litigated his claims that his reassignment was pursuant to a RIF, see Worthington v. Dep't of Agric., 865 F.2d 268 (table) (per curiam) (Fed.Cir.1988). See Springs v. First Nat'l Bank of Cut Bank, 835 F.2d 1293, 1296 (9th Cir.1988). Likewise, Worthington's claim based upon the failure of the Office of Special Counsel to investigate his claim of retaliation is barred by res judicata because he could have raised the claim in his previous lawsuit, Worthington v. Espy, No. CIV S-92-1020-WBS/GGH (E.D.Cal. Nov. 3, 1994), appeal dismissed, No. 94-16988 (9th Cir. Apr. 7, 1995), where he argued that he was reassigned as retaliation for his discrimination complaints, see Springs, 835 F.2d at 1296.
 
 
 8
 The defendant's motion to dismiss this action based on Worthington's failure to pay costs assessed in a previous action is denied without prejudice to his seeking an enforcement order for the costs in the district court.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We hereby order substitution of the defendant in the district court, Richard Rominger, Acting Secretary of Agriculture, for Daniel Glickman, his successor. See Fed.R.App.P. 43(c)(1)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his complaint Worthington alleged his reassignment violated agency policy because (1) he was unqualified for his new position; (2) his performance evaluations were insufficient to justify his promotion to a position with higher grade; (3) his new position was not reclassified; and, (4) there were qualified female workers who should have been promoted ahead of him pursuant to a consent decree binding on the agency
 
 
 [2]
 Worthington's contention that he should be eligible for relief under the APA because the CSRA does not provide him with a means of challenging an alleged reassignment not pursuant to a reduction in force lacks merit. See United States v. Fausto, 484 U.S. 439, 449 (1988) (holding CSRA precludes judicial review of nonpreference eligible employee's challenge of adverse personnel action although the CSRA provided him with no remedy); see also Veit, 746 F.2d at 511 ("the comprehensive nature of the procedures and remedies provided by the CSRA indicates a clear congressional intent to permit federal court review as provided in the CSRA or not at all.")