Brau Ramírez, Juez Ponente
*816 TEXTO COMPLETO DE LA SENTENCIA
I
Los apelantes Dres. Eduardo Ibarra y Nicolás Betancourt, sus respectivos cónyuges y sociedades legales de bienes gananciales recurren de una sentencia parcial emitida en rebeldía el 29 de mayo de 2003 por el Tribunal de Primera Instancia, Sala Superior de Aibonito.
Mediante el dictamen en cuestión, el Tribunal declaró con lugar una demanda contra tercero por daños y perjuicios instada contra los apelantes por los esposos apelados José Cortés y Blanca Caamaño.
La demanda está relacionada a una reclamación por incumplimiento de contrato y daños y perjuicios instada contra los apelados por los esposos Miguel Ríos Ortiz y Elizabeth Rojano Saldaña, relacionada a la venta de una propiedad de los apelados situada en el Barrio Asomante de Aibonito. Los apelados venían obligados a obtener la segregación de la propiedad, cosa que no hicieron en el tiempo pactado. Los esposos Ríos Rojano reclamaron a los apelados por los daños ocasionados, los cuales, a su vez, achacaron a los apelantes dicha responsabilidad y los trajeron al litigio como terceros demandados para que respondieran a los demandantes y a los apelados.
Sin haber adjudicado la reclamación principal, el Tribunal declaró con lugar la demanda contra tercero y condenó a los apelantes a satisfacer solidariamente a los apelados la suma total de $70,000.00 más una condena de $10,000.00 por concepto de honorarios de abogado.
Revocamos.
II
Los esposos apelados son los propietarios de una finca de cinco cuerdas situada en el Barrio Asomante de Aibonito. Para la fecha de la controversia entre las partes, dicha propiedad estaba sujeta a varios gravámenes en *817 cobro de ciertas obligaciones de los esposos. Entre otros, existía un embargo en contra de la propiedad decretado en el caso civil BCD-1993-009 presentado contra los apelados.
Los apelados también eran propietarios de otros inmuebles en el área, los que les habían sido ejecutados en cobro de obligaciones.
Entre estos últimos, se encontraba un predio de terreno en el que ubicaba una lechería que habían estado operando los apelados y que resultaba colindante al solar de cinco cuerdas mencionado. Dicho predio fue ejecutado por el Federal Land Bank, y eventualmente adquirido por la Puerto Rico Production Credit Association (“Puerto Rico Production”).
La Puerto Rico Production vendió la propiedad en cuestión a la corporación E & N Realty, Inc. (“E & N Realty”). Para la fecha pertinente a la controversia, los apelantes Dres. Eduardo Ibarra y Nicolás Betancourt eran los directores de E & N Realty. Al momento de la venta, la Puerto Rico Production supuestamente entregó a los apelantes un plano donde se establecían los linderos de la propiedad adquirida por E & N Realty en relación con los otros predios de los apelados.
El 24 de enero de 1995, el Tribunal emitió una sentencia en el caso BCD-1993-0009 presentado contra los apelados. Dicho dictamen advino final y firme.
Varios meses después, mediante la Escritura Núm. 168 otorgada el 16 de noviembre de 1996 ante el notario público José Angel Santini Bonilla, los apelados vendieron a los esposos Miguel Ríos Ortiz y Bersabeth Rojano Saldaña dos participaciones en común pro-indiviso de 20% (viz, de una cuerda), cada una, en la propiedad de cinco (5) cuerdas antes descrita. El precio de venta fue de $43,000.00.
Para la fecha de dicha transacción, la propiedad no había sido segregada. Los apelados se comprometieron a obtener la segregación de un solar de una (1) cuerda, libre de cargas, a nombre de los esposos Ríos Rojano en el término de seis (6) meses y a devolver a éstos $3,500.00, comprometiéndose los esposos Ríos Rojano a la retroventa de la otra porción de 20%.
Alegadamente, al momento de la venta, los apelados no informaron a los esposos Ríos Rojano de la sentencia emitida en el caso BCD-1993-00091, la cual se hallaba en etapa de ejecución.
Posteriormente, los apelados realizaron gestiones para la segregación de su propiedad en cinco solares distintos de una (1) cuerda cada uno. Aparentemente, durante esta etapa, surgió una controversia entre las partes sobre la situación de los linderos de sus respectivas propiedades. Los apelantes alegaban que los apelados intentaban modificar los puntos de colindancia, lo que era resistido por los apelantes. Por su parte, los apelados alegaban que los apelantes continuamente arrancaban o movían los puntos en cuestión.
Oportunamente, en 1997, los apelantes presentaron una acción contra los apelados ante el Tribunal de Primera Instancia, Sala Superior de Aibonito, solicitando la fijación de las colindancias, caso BPE-1997-001.
Los apelados alegan que la presentación del caso BPE-1997-001 interfirió con sus gestiones para obtener la segregación de su finca, lo que les impidió cumplir su compromiso con los esposos Ríos Rojano dentro del término contemplado en el contrato entre las partes.
En octubre de 1997, la propiedad de los apelados fue ejecutada en el caso BCD-1993-00091 y adquirida por la Corporación de Crédito y Desarrollo Comercial y Agrícola.
Posteriormente, los apelados readquirieron de dicha parte la propiedad, la cual quedó libre de gravámenes. *818 Los apelados procedieron a segregar la propiedad en cinco solares distintos, cuatro (4) de los cuales fueron vendidos a terceros. La segregación mencionada de los solares tuvo lugar fuera del término de seis meses acordado entre los apelados y los esposos Ríos Rojano.
Así las cosas, en 1998, los esposos Ríos Rojano instaron la presente acción sobre incumplimiento de contrato, división de comunidad y daños y perjuicios contra los apelados ante el Tribunal de Primera Instancia, Sala Superior de Aibonito. Los apelados contestaron la demanda negando las alegaciones. Luego de otros trámites, los esposos Ríos Rojano presentaron una demanda enmendada.
En su demanda, según enmendada, los esposos Ríos Rojano alegaron que los apelados habían incumplido su obligación de obtener la segregación de los dos solares adquiridos por los esposos Ríos Rojano dentro del término pactado en el contrato de 16 de noviembre de 1996 y que habían actuado dolosamente al ocultar a los esposos Ríos Rojano que, al momento de la venta, la propiedad estaba sujeta a la sentencia emitida por el Tribunal en el caso BCD-1993-00091.
Los esposos Ríos Rojano alegaron que los apelados venían obligados a entregarles dos solares de la propiedad, libre de cargas. Adujeron que los apelados habían actuado con dolo al readquirir la propiedad por una cantidad irrisoria, luego de que la misma les hubiera sido ejecutada por la Corporación de Crédito y Desarrollo Comercial y Agrícola, “para luego hacer transacciones con ella y enriquecerse de la[] misma[] violándole el derecho de propiedad a los demandantes. ”
Los esposos Ríos Rojano solicitaron al Tribunal que condenara a los apelados a resarcirles los daños ocasionados, los que los esposos Ríos Rojano valoraron en $250,000.
Luego de otros trámites, los apelados contestaron la demanda, negando las alegaciones y levantando varias defensas. Los apelados presentaron, además, una demanda contra tercero contra los apelantes, sus respectivas esposas, sociedades de bienes gananciales y compañías aseguradoras, alegando que el atraso en la aprobación de la segregación acordada se debía a la controversia suscitada por los apelantes sobre la colindancia.
La demanda contra tercero alegaba, sobre este particular:
2. Que los terceros demandados de forma injusta e improcedente montaron una guerra de antagonismo al desarrollo del demandado llegando finalmente hasta la radicación del caso civil BPE-1997-0001 de este mismo Tribunal.

3. Que de proceder los daños que reclama la parte demandante en este caso los terceros demandados serían responsables, ya fuera directamente o indirectamente a la parte reclamante en este caso.

4. Que de resultar responsable el aquí compareciente de esos daños todos y cada uno de ellos han sido responsabilidad de los escollos presentados, gastos, problemas, pleitos y procedimientos que los terceros demandados han ocasionado a la parte demandada y demandante contra tercero.

5. Que, además, de serle responsable a la parte demandada en este caso los terceros demandados son responsables por los Daños y Perjuicios ocasionados por esta acción, los cuales se estiman para su justa compensación de la siguiente manera:

A. Gastos cuyos daños para su justa compensación se estiman en la suma no menor de Doscientos Mil Dólares ($200,000.00).

*819
B. Daños emocionales a la parte compareciente, los cuales se estiman en una suma no menor de Doscientos Mil Dólares ($200,000.00) para cada uno.

C. Costas, gastos y honorarios de abogado en una suma no menor a los Veinte Mil Dólares ($20,000.00).

6. Que a esta fecha en el caso BPE1997-0001 por reunión efectuada entre los peritos de las partes se determinó que la colindancia de los terrenos del señor Cortés sobrepasa la empalizada que los aquí terceros demandados alegaban que era la colindancia, por ende prevalece la posición del allí demandado-reconviniente señor Cortés, aquí demandado y demandante contra terceros. ”

El Tribunal expidió el correspondiente emplazamiento contra los apelantes, quienes fueron oportunamente emplazados. Estos recibieron copia del emplazamiento y de la contestación a la demanda enmendada, pero no así de la demanda original o la demanda enmendada presentada por los esposos Ríos Rojano, ni de la contestación inicial presentada por los apelados.
Los apelantes no contestaron la demanda contra tercero, por lo que, a solicitud de los apelados, el Tribunal de Primera Instancia procedió a practicarles la anotación de rebeldía.
Luego de otros trámites, los apelados solicitaron al Tribunal que emitiera sentencia en rebeldía contra los apelantes. El Tribunal celebró la vista correspondiente, a la que los apelantes no comparecieron.
El 29 de mayo de 2003, el Tribunal de Primera Instancia emitió la sentencia parcial apelada, declarando con lugar la demanda contra tercero presentada contra los apelantes.
En su sentencia, el Tribunal determinó que los apelantes habían actuado ilegalmente al arrancar en repetidas ocasiones los puntos de la colindancia, insistiendo en que los terrenos le pertenecían, y que habían mostrado contumacia y temeridad.
El Tribunal determinó que el apelante Dr. Ibarra había manifestado a un tercero que el apelado José Cortés se dedicaba a robar terrenos, lo que era una manifestación difamatoria. El Tribunal determinó que, como consecuencia de las actuaciones de los apelantes, el apelado ha sufrido “daños emocionales que le han trastornado su paz, su tranquilidad, sus nervios y físicamente su sistema digestivo. ” Observó que durante la vista los apelados “irrumpieron en llanto al narrar las vicisitudes por las cuales habían sido sometidos por los doctores Ibarra y Betancourt y las limitaciones económicas por las que atraviesan por las intervenciones, demandas y actuaciones temerarias en cuanto a las colindancias de la finca por parte de los terceros demandados, en especial del Dr. Eduardo Ibarra Ortega. ”
El Tribunal hizo, además, las siguientes determinaciones:

“20. El proyecto de lotificación que tenía aprobación para el 1994, se le vencieron los permisos y hubo que repetir los planos eléctricos y un sinnúmero de gestiones en las distintas agencias de gobierno.

21. Todo ello causó daños económicos a los terceros demandantes Sr. José Luis Cortés Laguna y su señora esposa Blanca Caamaño de Cortés, quienes han tenido que gastar en exceso de lo que hubiera costado las lotificaciones simples que pretendían hacer y cumplir así con los compromisos contraídos con terceros adquirientes como el caso que generó inicialmente el presente litigio .en adición de agravar su situación económica al extremo de calificar ésta como precaria.

22. Que, además, de las dos (2) parcelas de cinco (5) cuerdas que intenta lotificar, el señor Cortés presentó, además, una lotificación adicional en una parcela de aproximadamente siete (7) cuerdas, de 18 
*820
solares, los cuales fueron intervenidos por una acción de los doctores Ibarra y Betancourt y evitaron que éste los desarrollara; proyecto que ya tenía aprobación y que por dichas acciones persecutorias provocó que vencieran. Estos no se han podido reactivar. En los momentos que vivimos, según el propio co-demandante Sr. José Luis Cortés Laguna, se hace mucho más difícil conseguir las aprobaciones de lotificaciones y segregaciones, que allá para el 1994 al 1997.

23. Las actuaciones del Dr. Eduardo Ibarra Ortega y el Dr. Nicolás Betancourt, provocaron atrasos y dilaciones y cancelaciones de permisos en las lotificaciones que iba a efectuar el señor Cortés y entre los daños sufridos fue que no pudo cumplir cabalmente con el demandante en este caso Sr. Miguel Angel Ríos Ortiz.

24. Entre las actuaciones del Dr. Eduardo Ibarra Ortega, se daba el que a las personas que comparecían a comprar se les decía que aquellos terrenos no le pertenecían al Sr. José Luis Cortés, que había pleito y un sinnúmero de otros comentarios que alejaban a los clientes que allí llegaban.

25. En el caso BPE-1997-2001 se congelaron unos solares, los cuales todavía el señor Cortés no ha podido vender.

26. Cualquier daño que pruebe el demandante en la acción del título del epígrafe Miguel Angel Ríos Ortiz, que haya sufrido por no haber recibido los terrenos que le fueron ofrecidos, porcentajes pactados en escritura y/o las devoluciones de dinero que hubiera prestado, fueron causados por las dilaciones provocadas por los doctores Ibarra y Betancourt y por ende le son responsables a éste.

27. Las actuaciones de los terceros demandados, doctores Ibarra y Betancourt, especialmente el primero, han causado opresión y perjuicios, en las personas del matrimonio Cortés-Caamño.

28. Armando Suárez, además de haber sido la persona a quien le admitió el Dr. Eduardo Ibarra Ortega que había quitado los puntos y que los continuaría quitando aunque los hiciera de cemento, informó además que el Dr. Ibarra había comparecido a su casa en la Urbanización Jatibonito, en varias ocasiones, para decirle que estaba invadiendo terrenos de su propiedad, para forzar que no trabajara más en esas colindancias.

29. Los puntos establecidos por el Ingeniero Alicea y los espeques, que se sembraban con un “digger” con por lo menos 3 a 4 pies de profundidad, fueron sacados por el doctor Ibarra y/o sus empleados, con una máquina y/o equipo pesado y otros medios.

30. Las fotografías muestran puntos en metal galvanizado pintado en rojo con base en concreto, los cuales resultaron eliminados, unos por arrancarlos totalmente y otros partidos hasta la base de concreto.

31. Todo ello ha privado a los terceros demandantes Cortés Caamaño a disponer de estas propiedades y de tres (3) solares en las lotificaciones de las primeras dos parcelas de cinco (5) cuerdas.

A base de estas determinaciones, el Tribunal declaró con lugar la demanda contra los apelantes. El Tribunal concedió a los apelantes a pagar solidariamente a los apelados la suma de $40,000.00 “por los daños ocasionados por todos los atrasos en la lotificación de los terrenos, la eliminación de los puntos y de la empalizada, etc.”, $20,000.00 al apelado José Cortés por los daños emocionales y angustias sufridas y $10,000.00 a la apelada Blanca Caamaño por igual concepto, para un total de $70,000.00. El Tribunal también impuso a los apelantes una condena de $10,000.00 por concepto de temeridad.
Los apelantes solicitaron reconsideración ante el Tribunal de Primera Instancia, la que fue denegada por éste.
*821 Insatisfechos, acudieron entonces ante este Tribunal.
III
En su recurso, los apelantes plantean que el Tribunal de Primera Instancia actuó sin jurisdicción al emitir sentencia en su contra, ya que, durante el emplazamiento a los apelantes no se les entregó copia de la demanda y contestación originales, ni de la demanda enmendada presentada por los esposos Ríos Rojano.
No percibimos, sin embargo, que hubiera habido defecto alguno en el emplazamiento de los apelantes. La Regla 4.4 de las de Procedimiento Civil dispone que el emplazamiento personal de una parte se diligencia “entregándole copia del emplazamiento y de la demanda.” 32 L.P.R.A. Ap. Ill, R. 4.4. No se requiere documento adicional alguno.
Los apelantes señalan que, conforme a la Regla 12.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 12.1, un tercero demandado puede levantar cualquier defensa que el demandante contra tercero tuviere contra la reclamación del demandante así como cualquier reclamación que surja del acto, omisión o evento que motive la reclamación original del pleito. Alegan que, para poder ejercitar dicho derecho, es necesario que al ser emplazados, se les notifique, no sólo con la demanda contra tercero, sino de la demanda original. No estamos de acuerdo.
El propósito general de las alegaciones de una demanda, según se conoce, es informar al demandado, de manera general, sobre la reclamación presentada en su contra, para que este pueda comparecer a defenderse. Sánchez v. Aut. de los Puertos, 153 D.P.R. _ (2001), 2001 J.T.S. 34, a la pág. 967; Agosto v. Mun. de Río Grande, 143 D.P.R. 174, 178 (1997); Ortiz Díaz v. R. & R. Motor Sales Corp., 131 D.P.R. 829, 835 (1992).
El demandante no viene obligado a realizar alegaciones minuciosas y técnicamente perfectas, sino que se le permite bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. Tenorio y otros v. Hospital Dr. Pila, 159 D.P.R. _ (2003), 2003 J.T.S. 113, a la pág. 1,189; Roldan v. Lutrón, S.M., Inc., 151 D.P.R. _ (2000), 2000 J.T.S. 133, a la pág. 27; Dorante v. Wrangler of P.R., 145 D.P.R. 408, 413 (1998); véase, además, la Regla 6.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. DI, R. 6.1. Se presume que para precisar cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deben probarse en el juicio las partes recurrirán al proceso de descubrimiento de prueba. Pressure Vessels P.R. v. Empire Gas P.R., 137 D.P.R. 497, 505-506 (1994).
De acuerdo a estos principios, no consideramos que para que el emplazamiento de un tercero demandado se entienda apropiadamente diligenciado sea necesario acompañar documentos adicionales a los mencionados expresamente por la Regla 4.4 de las de Procedimiento Civil, a saber, copia del emplazamiento y de la demanda. No importa que los documentos que se interesen puedan ser de utilidad para formular una defensa.
El Tribunal Supremo de Puerto Rico ha aclarado que, para que un emplazamiento sea efectivo, no es indispensable que se acompañen todos los anejos a los que el mismo haga referencia. Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 765 (1994).
Dicho foro ha expresado: “[s]i de la copia de la demanda sin sus anejos surgen con suficiente claridad los hechos en que se fundamenta la causa de acción, en particular el derecho y el remedio reclamados por el demandante, se cumple con el requisito de entregar copia de la demanda al emplazar... No tiene sentido jurídico alguno elevar a requisito jurisdiccional un elemento cuya inclusión en la demanda es discrecional. ” Bco. Central Corp. v. Capitol Plaza, Inc., 135 D.P.R. 760, 765 (1994).
En la situación de autos, consideramos que los apelantes podían conocer “con suficiente claridad” la naturaleza de la reclamación en su contra con una referencia a la demanda contra tercero. No hacía falta *822 acompañar documento adicional.
Los apelantes también plantean que el Tribunal erró al emitir sentencia parcial en su contra, declarando con lugar la demanda contra tercero presentada contra ellos, sin haber adjudicado la controversia principal entre las partes.
La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.1, establece que cuando una parte contra la cual se solicite una sentencia hubiera dejado de presentar alegaciones o "de defenderse en otra forma según se dispone en estas reglas", el Tribunal podrá ordenar que se le practique anotación de rebeldía.
La consecuencia de la anotación de rebeldía a una parte, según se conoce, es que se den por admitidas las alegaciones bien hechas de la demanda. Véase, Alamo v. Supermercados Grande, Inc., 158 D.P.R. _ (2002), 2002 J.T.S. 124, a la pág. 181; León García v. Rest. El Tropical, 154 D.P.R. _ (2001), 2001 J.T.S. 84, a la pág. 1,328; Rivera v. Insular Wire Products Corp., 140 D.P.R. 912, 931 (1996); Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815 (1977).
Ello no garantiza, sin embargo, que la parte demandante habrá de obtener una sentencia favorable. No se entienden admitidos hechos incorrectamente alegados, alegaciones conclusorias o conclusiones de derecho. El trámite en rebeldía no priva al tribunal de evaluar si, en virtud de los hechos no controvertidos, existe efectivamente una causa de acción que amerite la concesión de un remedio. Alamo v. Supermercados Grande, Inc., 2002 J.T.S. 124, a la pág. 181; Hernández v. Espinosa, 145 D.P.R. 248, 272 (1998); Marín v. Fastening Systems, Inc., 142 D.P.R. 499, 513 (1997); Rivera v. Insular Wire Products Corp., 140 D.P.R. a la pág. 931.
Si es necesario comprobar una alegación, el Tribunal viene en la obligación de celebrar las vistas que estime necesarias y adecuadas. Bajo cualquier circunstancia, la cuantía de los daños debe ser objeto de prueba. Alamo v. Supermercados Grande, Inc., 2002 J.T.S. 124, ala pág. 181; Ruiz v. Col. San Agustín, 152 D.P.R. ___ (2000), 2000 J.T.S. 159, a la pág. 216; Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 D.P.R. 563, 577-578 (1997); Rivera v. Insular Wire Products Corp., 140 D.P.R. a las págs. 932-933, Continental Ins. Co. v. Isleta Marina, 106 D.P.R. a la pág. 818.
En el trámite en rebeldía, a la parte demandada le cobija el derecho de ser notificada de la vista, si hubiera comparecido, asistir a la misma, impugnar la cuantía de los daños y apelar de la sentencia. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción. Alamo v. Supermercados Grande, Inc., 2002 J.T.S. 124, a la pág. 181; Continental Ins. Co. v. Isleta Marina, 106 D.P.R. a la pág. 817.
No se favorece la adjudicación de las controversias mediante el mecanismo de la rebeldía. Véanse, Ghigliotti Arzola v. A.S.A., 149 D.P.R. 902 (1999); Neptune Packing Corp. v. Wackenhut Corp, 120 D.P.R. 283, 293 (1988); Imp. Vilca, Inc. v. Hogares Crea, Inc., 118 D.P.R. 679, 686 (1987). 
La Regla 43.6 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 43.6 establece que “una sentencia en rebeldía no será de naturaleza distinta ni excederá en cuantía a lo que se haya pedido en la solicitud de sentencia.” En los casos en rebeldía no es posible enmendar las alegaciones por la prueba. Tal enmienda debe ser notificada a las partes, mediante un nuevo emplazamiento, según lo requieren las Reglas 13.2 y 67.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, Rs. 13.2 y 67.1.
En la situación de autos la reclamación adjudicada en rebeldía fue la demanda contra tercero presentada contra los apelantes por los esposos Cortés Caamaño. Dicha demanda, según hemos visto, solicitaba que se condenara a los apelantes por cualesquiera daños que los apelados tuvieran que pagar a los esposos Ríos Rojano, así como que se les compensara por los daños y perjuicios “ocasionados por esta acción. ”
*823 Los apelantes plantean que el Tribunal erró al adjudicar dicha reclamación, sin haber resuelto la demanda original presentada contra los apelados por los esposos Ríos Rojano.
La Regla 12.1 de las de Procedimiento Civil dispone, en lo pertinente, que: "[e]n cualquier momento después de comenzado el pleito, el demandado podrá, como demandante contra tercero, notificar un emplazamiento y demanda a una persona que no sea parte en el pleito y (1) que le sea o pueda serle responsable al demandado por toda o parte de la reclamación del demandante, o (2) que sea o pueda serle responsable exclusivamente al demandante." 32 L.P.R.A. Ap. III, R. 12.1.
La Regla también permite que un tercero demandado proceda, utilizando el mismo mecanismo, "contra cualquier persona que no sea parte en el pleito y que le sea o pueda serle responsable a él, al demandante o al demandante contra tercero por la totalidad o parte de la reclamación hecha en el pleito contra el tercero demandado." Id.
El Tribunal Supremo de Puerto Rico ha observado que el propósito de la Regla es establecer un mecanismo para facilitar la resolución pronta y económica de controversias múltiples que puedan surgir de los mismos hechos. S.L.G. v. Hospicare, Inc., 158 D.P.R. _ (2003); 2003 J.T.S. 25, a la pág. 586; Gen. Accid. Ins. Co. P. R. v. Ramos, 148 D.P.R. 523, 534 (1999); Camaleglo v. Dorado Wings, Inc., 118 D.P.R. 20, 28 (1986); Colón v. Coop, de Seguros Múltiples de P.R., 111 D.P.R. 568, 571 (1981).
La demanda contra tercero no crea, extiende o limita derechos sustantivos, sino que acelera su dilucidación. El Tribunal Supremo de Puerto Rico ha aclarado que la reclamación contra tercero de ordinario procede cuando su responsabilidad sea contingente al resultado de la acción principal o cuando el tercero le sea secundaria o directamente responsable al demandante. S.L.G. v. Hospicare, Inc., 2003 J.T.S. 25, a la pág. 586; Gen. Accid. Ins. Co. P. R. v. Ramos, 148 D.P.R. a la pág. 534; Camaleglo v. Dorado Wings, Inc., 118 D.P.R. a la pág. 30; véase, además, A.A.A. v. Builders Ins. Co., 115 D.P.R. 57 (1984).
En efecto, nuestro ordenamiento permite la acumulación en un mismo pleito de reclamaciones contingentes que dependen del resultado de otra de las causas de acción presentadas para adjudicación en el caso. Márquez v. Barreto, 143 D.P.R. 137, 144 (1997); Rodón v. Fernández Franco, 105 D.P.R. 368, 377-378 (1976). En estos casos, la Regla 14.2 de las de Procedimiento Civil dispone que “[e]l tribunal no resolverá la reclamación contingente hasta tanto se resuelva la reclamación principal.” 32 L.P.R.A. Ap. III, R. 14.2; Rodón v. Fernández Franco, 105 D.P.R. a las págs. 377-378.
En la situación de autos, la demanda contra tercero que presentaron los apelados solicitaba al Tribunal que se condenase a los apelantes por cualesquiera daños que los apelados tuvieran que satisfacer a los esposos Ríos Rojano. Tal reclamación resultaba claramente contingente al resultado del pleito principal. La determinación del Tribunal de que los apelantes respondían a los apelados por este concepto no puede considerarse un dictamen final y definitivo, puesto que el Tribunal no ha adjudicado cuantía alguna por esta reclamación. De Jesús v. Corp. Azucarera de P.R., 145 D.P.R. 899, 905 (1998).
En su sentencia, el Tribunal concedió daños a los apelados por las actuaciones de los apelantes de reclamar la titularidad sobre una porción de los terrenos de los apelados y mover los puntos de la colindancia. Hemos citado extensamente las determinaciones del Tribunal que demuestran que las cuantías concedidas a los apelados en la sentencia respondieron precisamente a “los daños ocasionados por todos los atrasos en la lotificación de los terrenos, la eliminación de los puntos y de la empalizada, etc. ”
No está claro que dicha reclamación hubiese sido incluida en la demanda contra tercero. En la misma, los apelados solicitaron al Tribunal que se condenara a los apelantes por cualquier suma que los apelados tuvieran que pagar a los esposos Ríos Rojano. También solicitaron que se condenara a los apelantes a resarcirlos por “los *824 Daños y Perjuicios ocasionados por esta acción.”
A nuestro juicio, esta redacción es ambigua. La misma sugiere que los daños reclamados son los asociados a la reclamación instada contra los apelados por los esposos Ríos Rojano {“esta acción”), lo que tiende a subrayar la naturaleza contingente de la reclamación. No se desprende con claridad que la intención de los apelados hubiera sido la de reclamar a los apelantes por los daños provocados por actuaciones anteriores e independientes a la presentación del pleito.
Tratándose de una reclamación ventilada en rebeldía, los apelados no estaban en libertad de enmendar sus alegaciones por la prueba para aclarar la naturaleza de su reclamación, sino que venían obligados a emplazar nuevamente a los apelantes. El Tribunal de Primera Instancia venía obligado a no conceder otros remedios que los solicitados en la demanda, conforme lo dispone la citada Regla 43.6 de las de Procedimiento Civil.
Somos de la opinión de que, en las circunstancias del caso de autos, debe dejarse sin efecto la sentencia y devolverse el asunto al Tribunal de Primera Instancia para que se ventile de la reclamación original de los esposos Ríos Rojano contra los apelados y para que estos enmienden su demanda, a fines de aclarar la naturaleza de los remedios solicitados contra los apelantes, y éstos sean notificados de la forma dispuesta por la Regla 67.2 de las de Procedimiento Civil.
Por los fundamentos expresados, se revoca la sentencia dictada. Se devolverá el asunto al Tribunal de Primera Instancia para procedimientos consistentes con este dictamen.
Lo pronunció y lo manda el Tribunal y lo certifica la señora Secretaria General.
Aida lleana Oquendo Graulau
Secretaria General
ESCOLIO 2004 DTA 23
I. La Regla 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 45.3, establece en este sentido que el tribunal podrá, "[p]or causa justificada ... dejar sin efecto una anotación de rebeldía y, cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2." Véase, Srio del Trabajo v. Econo Tire Dist., 146 D.P.R. 751, 754-755 (1998); Fine Art. Wallpaper v. Wolff, 102 D.P.R. 451, 457 (1974).
Entre otros fundamentos establecidos por la Regla 49.2 de las de Procedimiento Civil para la concesión de un relevo, se enumeran la existencia de error, inadvertencia o negligencia excusable de una parte. 32 L.P.R.A. Ap. Ill, R. 49.2. Aunque este precepto no constituye una llave maestra para reabrir controversias, ni sustituye los recursos de apelación o reconsideración, el mismo debe ser interpretado liberalmente. Véanse, Reyes v. E.L.A., et al, 155 D.P.R. _ (2001), 2001 J.T.S. 171, a la pág. 531; Olmeda Nazario v. Sueiro Jiménez, 123 D.P.R. 294, 299 (1989); Sucn. Bravo v. Srio. de Hacienda, 106 D.P.R. 672, 675 (1978).
Cuando en un caso existe la posibilidad de que la parte demandada cuente con una buena defensa y la reapertura del caso no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. a la pág. 291; Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 506-507 (1982); Fine Art. Wallpaper v. Wolff, 102 D.P.R. a la pág. 459; J.R.T. v. Missy Mfg. Corp., 99 D.P.R. 805, 811 (1971).